CUYAHOGA COUNTY FUNERAL DIRECTORS ASSOCIATION ET, PLAINTIFFS-APPELLEES, *v.* SUNSET MORTUARY, INCORPORATED, DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25864. Decided March 22, 1962.

Ohio Funeral Directors Association, Inc., *Mr. Jeràme Z. Gordon, amicus curiae.*

*Messrs. Roudebush, Adrion, Brown, Corlett & Ulrich,* for appellant.

*Messrs. McDonald, Hopkins, Hood & Hardy,* for appellee.

570

(GUERNSEY, P. J., and YOUNGER, J., of the Third District, and FESS, J., of the Sixth District, sitting by assignment in the Eighth District.)

GUERNSEY, P. J. This action, originating in the Common Pleas Court of Cuyahoga County, Ohio, was brought by an association of funeral directors and twelve other parties plaintiff, engaged in the business of funeral directing in Cuyahoga County, two of the latter being individuals and the remaining ten being corporations.

Plaintiff's petition alleges the corporate existence of defendant under the name of Sunset Mortuary, Incorporated; that defendant since on or about June 23, 1961, has engaged in the business of embalming and funeral directing under the names of Sunset Mortuary, Incorporated, Sunset Mortuary, Inc., and Sunset Mortuary, contrary to the provisions of Section 4717.11, Revised Code; and "that the continued use of such name by defendant * * * works to their irreparable harm and damage, and that they have no adequate remedy at law." Plaintiffs pray for a temporary and permanent injunction restraining and enjoining defendant from using the same names in its business.

The defendant's answer admits its corporate existence and name, that it has engaged in the business of embalming and funeral directing since about June 23, 1961, at its principal place of business, and generally denies the other allegations of the petition.

The action was tried to the court on the pleadings and on a stipulation of facts, reservation being made in said stipulation only as to the relevancy or materiality of the facts.

Among other facts which this court does not deem material or relevant, and in addition to facts as to the respective names and capacities of plaintiffs and defendant, it was stipulated and agreed that defendant constructed a new building to be used for a funeral home on a parcel of land abutted on three sides by

Sunset Memorial Park Cemetery; that one James H. Carter, a duly licensed embalmer and funeral director, was employed by the defendant as its general manager and that defendant has engaged in the business of embalming and funeral directing since June 23, 1961, under his direction; that since then defendant has used in connection with its funeral home and business the words "James H. Carter Sunset Mortuary," and has advertised same as "Sunset Mortuary, J. H. Carter, Licensed Funeral Director" or by words of similar import; and that at the entrance to its business on Columbia Road it maintains a name sign with black letters on white background as does Sunset Memorial Park Cemetery at its nearby entrance.

Plaintiffs' primary objection to the conduct of defendant's business is the use of the word "Sunset" in the names under which it does business and the trial court determined that in doing so the defendant violated Section 4717.11, Revised Code, and permanently enjoined defendant "in connection with the funeral home or establishment or other place pertaining to funeral directing or the conducting of funerals established or to be established by it, from the use of the word 'Sunset' in the name thereof, and from the use, as the name thereof, of any name other than that of the holder of a funeral director's license of the state under whose direction such establishment is operated; provided, however, that the use of the words 'Funeral Home' or 'Mortuary' and the words 'Company' or 'Incorporated,' or words of similar import which merely indicate respectively the character of the business or profession or its corporate status, when used in conjunction with the name of the holder of the funeral director's license of this state under whose direction such establishment is operated, shall not be deemed violative of Section 4717.11, Revised Code, nor of this order."

It is from this injunction that an appeal was taken by defendant to this court on questions of law and fact.

At the outset of the hearing of this appeal it was observed by this court that the action had been heard by the trial court on the pleadings and on a stipulation of facts, that there had not been a trial of issues of fact by the common pleas court and that the appeal could probably not be heard de novo by this court on questions of law and fact. Following arguments by

counsel with reference to said observation, ruling as to whether the appeal should be dismissed on law and fact was reserved by the court. On existing authority, which we approve and follow, it is therefore now the opinion and order of this court that the appeal be dismissed on questions of law and fact and retained on questions of law only. See *LeMaistre* v. *Clark*, 142 Ohio St., 1; *Snouffer* v. *Bartlett*, 45 Ohio Law Abs., 107; *State, ex rel. Schneider* v. *Smith*, 55 Ohio Law Abs., 479; and Section 214, Skeel's Ohio Appellate Law, 108.

The matter having been tried on an agreed statement of facts there is no requirement for a bill of exceptions. Section 2321.12, Revised Code. Counsel having upon hearing waived any objection to proceeding, subject to the court's ruling on the dismissal on law and fact, this court will therefore consider this appeal as having been submitted on questions of law only and as if error were assigned that the judgment of the trial court is contrary to law.

The section of the revised code on which the merits of this appeal depend reads as follows:

"Section 4717.11, Revised Code, Advertising. (Section 1335-6a, General Code.)

"No funeral home or establishment or any other place pertaining to funeral directing or the conducting of funerals shall be established in the state under any name other than that of the holder of a funeral director's license of this state under whose direction such establishment is operated. Every establishment shall display in all advertising the name of the licensed funeral director who is actually in charge of the establishment. All branch establishments must display the name of the funeral director who is actually in charge. At least one licensed funeral director shall directly supervise each main establishment and at least one licensed funeral director shall directly supervise each branch establishment."

There is no provision in Chapter 4717, Revised Code, prescribing any criminal penalty for a violation of Section 4717.11, Revised Code. The only provision of the chapter regarding the enforcement thereof is that contained in Section 4717.04, Revised Code, pertaining to the powers and duties of the State Board of Embalmers and Funeral Directors prescribing that:

"The board shall make and adopt rules, regulations, and

bylaws for its government and for the enforcement of Sections 4717.01 to 4717.12, inclusive, Revised Code.''

Section 4717.08, Revised Code, also provides, among other things, that:

''The board of embalmers and funeral directors may refuse to grant, may suspend, or may revoke any license granted to a person in accordance with Sections 119.01 to 119.13, inclusive, Revised Code, for any of the following reasons:

''* * *

''(C) If the applicant or holder has been guilty of willfully violating Sections 4717.01 to 4717.12, inclusive, of the Revised Code, or any rule or regulation of the state, district, or local board of health governing the disposition of dead human bodies;''.

Notwithstanding that the trial court found that the plaintiffs herein ''are proper parties to this action having a common interest in the subject of the action and in the relief prayed for'' this court considers that the crux of this appeal is whether or not the plaintiffs, or any of them, have such an interest as may be enforceable against the defendant by an action for injunctive relief.

It will be observed that Sec. 4717.11 does not purport to bestow on anyone any franchise or property rights but merely purports to regulate or limit, in the manner therein specified, the operation of a ''funeral home or establishment or any other place pertaining to funeral directing or the conducting of funerals.'' On the factual situation herein presented, if the defendant corporation has violated the provisions of this section at all, the violation does not include the elements pertaining to unfair competition and there does not arise in favor of the plaintiffs a cause of action therefor.

''Unfair competition is a form of unlawful business injury which consists, essentially, in the passing off or attempting to pass off, on the public, of the goods or business of one person as and for the goods or business of another, but the courts may, in some circumstances, give relief against trade practices which are unethical *and constitute an infringement of the plaintiff's property rights,* even though they do not constitute a representation that the goods or business of the defendant are the goods or business of another.'' (Emphasis added.)

—Sec. 13, Trade-Marks, Trade-Names, and Unfair Competition, 87 C. J. S., 241.

"The main basis on which relief is granted against unfair competition in a particular case is that the property right which plaintiff possesses in his trade has been damaged or is liable to be damaged by the practices of defendant."

—Sec. 14, Trade-Marks, Trade-Names, and Unfair Competition, 87 C. J. S., 249.

This case is also unlike the cases in Ohio, and elsewhere, where professional persons and associations, e. g., dentists, doctors, lawyers, etc., who are permitted, by reason of a franchise or license granted to them by the state to practice their profession, to maintain an action to enjoin the practice of their profession by a person or corporation not so licensed or enfranchised.

There is no claim here that defendant is not entitled to operate a funeral home, there is no proof that the defendant's operating its home under any of the names in evidence is an infringement of any of the plaintiffs' property rights, nor is there any proof that the plaintiffs have any rights or interest or have been injured in any respect differently than the members of the public in general.

The original act, House Bill No. 97, 95 Ohio Laws, 333, pertaining to the regulation of the business of undertaking was adopted by the Legislature "to establish a state board of embalming examiners, and to regulate the practice of embalming and the preparation and disposal of the dead so as to prevent the spread of contagious and infectious diseases and provide for the better protection of life and health." It is apparent that Section 4717.11 of the Revised Code, added in 1938 as a supplemental section to the original act, as amended, is both from this origin and its form an exercise of the police power of the state of Ohio enacted for the purpose of regulating the undertaking business.

"One of the bases of the police power is the right of regulating those occupations or professions which most intimately and vitally affect the public health, morals, safety, and welfare."

—Sec. 399, Constitutional Law, 10 O. Jur. 2d, 478, and cases therein cited.

It is basic law that an action must be brought by the real

party in interest and may not be maintained by a person or persons in whom no cause of action exists. This rule of law is also incorporated in our code pleading by Section 2307.05, Revised Code, providing, among other things, that "an action must be prosecuted in the name of the real party in interest."

When a regulatory statute purportedly enacted under the police power of a state does not provide for its enforcement by private individuals, or create a cause of action in private individuals, its enforcement ordinarily is left to the executive branch of the government. As stated in *Tucker* v. *State* (Sup. Ct. of Ind., 1941), 35 N. E. (2d), 270, 291:

"Governors are almost always vested with the executive powers of the state. That *the executive power is the power to execute the laws*, to carry them into effect as distinguished from the power to make the laws and the power to judge them, and that the power to appoint the subordinate officers and employees through whom the laws are executed is a necessary incident to the power to execute the laws is manifest from the words of the learned authorities above referred to with which the Constitution-makers must have been familiar. * * *" (Emphasis added.)

With respect to causes of action belonging to the state the general rule is stated in Section 224, States, 81 C. J. S., 1330:

"Generally, any person expressly authorized by statute may institute or defend an action on the state's behalf; and when the Legislature has authorized an action to be instituted or defended by a particular person or officer, the suit may not be instituted or defended by another; * * *

* * *

"While there are certain types of proceedings which may sometimes be instituted by private individuals in the name of the state, such as certiorari, mandamus, or quo warranto, private persons generally have no right to carry on litigation in the name of the state with respect to matters in which the state is not interested and which may be settled by ordinary suit; and *usually a private citizen cannot commence an action in the name of the state or as its representative where the matter is strictly publici juris, in* which no one citizen has any right or interest other than that which is common to citizens in general, * * *." (Emphasis added.)

With specific application to injunctions the law is as stated in Section 123, Injunctions, 43 C. J. S., 670:

"*By whom proceedings instituted.* As a general rule if a mere public right is to be vindicated or the mere evasion of law is to be prevented, suit for injunction should be brought by some public officer or body especially charged with a duty in this regard and not by a private individual who is not especially authorized by statute to bring suit under the particular circumstances. * * *

"*A suit to restrain a public wrong, when the individual complaining suffers only such injury as is common to the other members of the community,* or when the suit is on behalf of the state, *should be brought by the attorney general or some other public officer duly authorized, * * *.* (Emphasis added.)

We have been unable to find any authority to show that a different rule exists, or should be adopted or followed, in Ohio.

We accordingly conclude, without reference to the constitutionality thereof, that Section 4717.11, Revised Code, not bestowing on plaintiffs any property right, being enacted under the police power, and plaintiffs having no right nor interest and not being injured by the violation, if any, thereof in any respect other than is common to the public in general, plaintiffs are not the real parties in interest and have no cause of action against defendant for injunctive relief, as claimed and prayed for in their petition.

The granting of the injunction by the trial court was therefore contrary to law and constituted error prejudicial to the defendant-appellant, for which prejudicial error the judgment of the Common Pleas Court is reversed, and this court, rendering the judgment the said court should have rendered, renders final judgment in favor of the defendant-appellant.

YOUNGER and FESS, JJ., concur.