Weygandt, C. J.
 

 The single question presented for consideration by this court is the correctness of the judgment of the Court of Appeals in dismissing the plaintiff’s appeal on questions of law and fact and retaining the appeal as one on questions of law alone.
 

 ■ The plaintiff relies upon one sentence in Section 6, Article IV of the Constitution of Ohio which.reads in part as follows:
 

 “The courts of appeals shall have * * * appellate jurisdiction in the trial of chancery cases * *' *.”
 

 Restating the question more simply, what is contemplated by the phrase
 
 “appellate
 
 jurisdiction in the
 
 trial
 
 of chancery cases”1?
 

 Thq plaintiff contends that in a chancery case the ■original trial on issues of fact may occur in the Court ■of Appeals. In oth.gr words, she insists that as soon .as the Court of Common Pleas renders a judgment or final order in such a case, an appeal may be perfected to the Court of Appeals and that court may retain jui'isdiction for all purposes, including the procedure ■of trying issues of fact for the first time. The defendant contends that the first trial must take place in the Court of Common Pleas as-the tribunal of first in•stance.
 

 Three sources of assistance immediately come to mind in seeking the answer to this problem.
 

 The first is the official report of the proceedings and ■debates of the constitutional convention held in this ■state in the year 1912 when, the quoted provisión was incorporated in Ohio’s organic law. In the discussions relating to the judicial branch of the government
 
 *4
 
 the shibboleth of “one trial and one review” is found repeatedly. If the initial trial of issues of fact could occur in the Court of Appeals that court in that respect would be exercising
 
 original
 
 rather than
 
 appellate
 
 jurisdiction, and the litigants would be entitled to no review as to factual issues, inasmuch as the Supreme Court is not required to weigh evidence.
 

 A second source of assistance is found in the statutes relating to appellate procedure. While the General Assembly obviously possesses no power to enlarge or restrict the constitutional jurisdiction of the Court of Appeals, it has provided much of the procedure for invoking that jurisdiction. Paragraph 3 of Section 12223-1, General Code, reads as follows:
 

 “The Appeal on questions of law and fact’ shall be construed to mean a
 
 rehearing
 
 and
 
 retrial
 
 of a cause upon the law and the
 
 facts
 
 and shall include all the proceedings heretofore and otherwise designated as an appeal, and shall be the same as may be designated by the.phrase Appeal on questions of fg,ct.’ ” (Italics supplied.)
 

 There cannot well be a rehearing or a
 
 re
 
 trial of factual issues in the Court of Appeals if there has been no previous hearing or trial.
 

 Then, too, Section 12223-21, General Code, contains the following provision:
 

 “ (2) An appeal taken on questions of law and fact shall entitle the party to a hearing and determination of the facts
 
 de novo
 
 and shall be upon the same or amended pleadings.”
 

 Ballentine’s Law Dietionary defines
 
 “de
 
 novo” as “Anew; over again; a second time.”
 

 Furthermore, the following provisión is found in Section 12223-22, General Code:
 

 “ (2) Whenever an appeal on questions of law and fact is taken in a case in which it is determined by the appellate court that the appellant is not permitted to
 
 *5
 

 retry
 
 the facts, the appeal shall not be dismissed, but •it shall stand for hearing on appeal on questions of law.” (Italics supplied.)
 

 A third source of assistance is the decision of this court in the case of
 
 Forest City Investment Co.
 
 v.
 
 Haas,
 
 110 Ohio St., 188, 143 N. E., 549. That action was one in chancery for an accounting and for the incidental appointment of a receiver. The Court of Common Pleas appointed a receiver, and an appeal (now known as an appeal on questions of law and fact) was immediately perfected to the Court of Appeals. The appeal was dismissed. Upon review this court affirmed the judgment of dismissal on the ground that the incidental appointment of a receiver presented no chancery question but was re viewable on error (now an appeal on questions of law) alone.
 

 In the instant case there was no trial on factual issues -in the Court of Common Pleas. The only question decided by it was one of law. Hence, the Court-of Appeals was confronted- with this question alone and was not in error in dismissing the appeal on questions of law and fact and retaining the appeal as one on questions of law.
 

 The judgment of the Court of Appeals must be affirmed.
 

 Judgment affirmed.
 

 Matthias, Hart, Zimmerman, Bell and Turner, JJ., concur.
 

 "Williams, J., not participating.