SELIG, APPELLANT, *v.* BOARD OF REVISION, MAHONING COUNTY, ET AL., APPELLEES.
McCRORY CORP. ET AL., APPELLANTS, *v.* BOARD OF REVISION, MAHONING COUNTY, ET AL., APPELLEES.
WATERS ET AL., APPELLANTS, *v.* BOARD OF REVISION, MAHONING COUNTY, ET AL., APPELLEES.

[Cite as Selig v. Bd. of Revision, 12 Ohio App. 2d 157.]

(Nos. 4680, 4681 and 4682—Decided November 21, 1967.)

*Messrs. Dargush & Day,* for appellants.
*Mr. Thomas L. Corroto,* for appellees.

LYNCH, J. These cases concern appeals from decisions of the Mahoning County Board of Revision from the assessed values for real estate taxes of three downtown retail stores, namely: McCrory Stores Corporation, Hamilton Lerner Shops, Inc., and F. W. Woolworth Company, located on West Federal Street, Youngstown, Ohio, for the years 1961, 1962, 1963 and 1964. The thirty-six cases filed in the Common Pleas Court were consolidated into three cases for purposes of trial. The trial court heard all cases at the same time and found the values of these properties set by the County Auditor, and affirmed by the Board of Revision, were the true values of these properties for the tax years 1961, 1962, 1963 and 1964. These cases come to this court as three separate appeals, but they involve the same basic issue, and they were presented to this court at the same time.

The problem in these cases is the relative degree of the decline in downtown real estate values. Both sides recognize the fact that these downtown real estate values have been declining. The County Auditor had hired Cole-Layer-Trumble, a reputable firm of tax appraisal experts, for the reappraisal of Mahoning County real estate in 1959, which set the tax values for the year 1960. As a result of this reappraisal, the tax assessed values for real estate taxes of the properties involved in the three instant cases were decreased from twenty-eight to thirty-one percent. However, plaintiffs, appellants herein, contend that their properties have declined in value by even greater percentages.

In each of the complaints as to the assessment of their real property, which plaintiffs filed for the years 1961, 1962 and 1963, they stated that their properties were overassessed by certain amounts. No explanation was given as a basis for any of these complaints, but a hearing was requested so that plaintiffs could furnish a complete appraisal of the property in question. The complaints filed for the 1964 tax assessments stated that the County Auditor's valuation did not reflect the change in business conditions which has made the property obsolete and which should result in a decrease in both the building (for functional depreciation) and land values.

The first hearing before the Mahoning County Board of Revision was on March 13, 1963, for the 1961 tax year complaints.

Plaintiffs were represented by counsel, who requested that Cole-Layer-Trumble Company be asked to take another look at these properties. Plaintiffs' counsel cited the well-known conditions causing the decline of downtown real estate values. The only specific statement that he made as to these properties was that the sales of Lerner Shops had declined forty percent from 1950 to 1961; that McCrory Corporation had shown losses from 1956 through 1961; and that F. W. Woolworth had losses for all five years between 1958 through 1962. Cross-examination brought out that McCrory Corporation and F. W. Woolworth were losing money even though their sales had actually increased and their real estate taxes had been decreased.

Plaintiffs were also represented by counsel at the next hearing on June 17, 1964, for the 1963 tax year, but nothing new was said at this hearing.

Plaintiffs waived a hearing before the Mahoning County Board of Revision for the 1962 tax year complaints.

The hearing before the Mahoning County Board of Revision for the 1964 tax year complaints was held January 17, 1966. The decision of the Mahoning County Board of Revision was rendered January 21, 1966, and the appeal to the Common Pleas Court was filed January 26, 1966. The cases in the Common Pleas Court were heard between February 7 and 9, 1966, which was before the time required by Section 5717.05, Revised Code, for the Mahoning County Board of Revision to certify the transcript of the proceedings before it. Plaintiffs' motion to consolidate the 1964 tax year cases with the other cases was sustained over the objection of defendants, who pointed out that the transcript of the Mahoning County Board of Revision for the 1964 tax year cases was not before the court. An examination of the record of this case reveals that the transcript of the Mahoning County Board of Revision for the 1964 tax year cases was not incorporated as a part of the record of this case.

The specific factual question to be decided by the trial court was a determination of the true value in money for these properties on four different dates, namely: January 1, 1961; January 1, 1962; January 1, 1963; and January 1, 1964.

At the trial of these cases, testimony regarding values of

this real estate was given by a reputable real estate expert on each side: Mr. A. E. Reinman, on behalf of the plaintiffs, and Mr. Russell Hahn, District Supervisor of the Cole-Layer-Trumble Company, on behalf of the defendants. Mr. Hahn used the appraisal of Cole-Layer-Trumble Company in 1959 as his valuation of these properties for the dates already mentioned, and he explained the method used to arrive at the valuation for each property. Mr. Hahn further testified that there was no appreciable change in real estate values for these properties from 1959 through 1964.

Mr. Reinman made his appraisals in January 1966, but adjusted them to January 1, 1964. He also testified that basically the real estate values of 1959 were the same as in 1964 except that more data was available in 1964.

In Mahoning County, the taxable value of real estate is forty-five percent of its true value.

The testimony of Mr. Reinman and Mr. Hahn as to the true value of the properties involved in these cases before the forty-five percent adjustment for taxable values is summarized as follows:

### MR. REINMAN

|  | Buildings | Land | Total |
| --- | --- | --- | --- |
| McCrory Corp. | $312,716.00 | $422,800.00 | $ 755,516.00 |
| Hamilton-Lerner Shops | 144,500.00 | 130,500.00 | 275,000.00 |
| F. W. Woolworth Co. | 149,500.00 | 196,500.00 | 346,000.00 |

### MR. HAHN

|  | Buildings | Land | Total |
| --- | --- | --- | --- |
| McCrory Corp. | $443,470.00 | $609,050.00 | $1,052,520.00 |
| Hamilton-Lerner Shops | 210,060.00 | 371,930.00 | 581,990.00 |
| F. W. Woolworth Co. | 197,180.00 | 534,610.00 | 731,790.00 |

Both appraisers agreed on the approaches that have to be taken in determining true value of real estate, but they used different methods to consider the various approaches, such as the determination of reproduction cost of building. There were discrepancies on the reproduction cost of the buildings, but the

great variations affecting value were in the areas of judgment such as the value per front foot of the land, and the percentage of depreciation to apply on the reproduction cost of the buildings. The reason why judgment played such a part in determining front-foot values of land is the scarcity of comparable sales of downtown real estate for the dates at issue in this case.

The evidence reveals that a decline in downtown real estate values has been occurring in Youngstown, but the decline started much earlier than 1958, which defendants contend was the peak year of real estate values for downtown Youngstown. The County Auditor recognized the decline in the 1959 appraisal and allowed substantial reduction in the assessed values of downtown real estate for tax purposes.

Mr. Reinman's testimony indicates that further decline of downtown real estate values has occurred between 1959 and January 1966, when he made his appraisals, and the issue is whether the degree of such decline in values is properly reflected in the appraisal of these properties for each tax lien date.

The Common Pleas Court of Cuyahoga County had the same problem with the declining values on Euclid Avenue in Cleveland, Ohio, in the case of *Payne-Bingham Co.* v. *Tax Commission*, 27 Ohio Law Abs. 283, and we agree with its holding that it is the duty of the court to exclude from consideration all evidential matters postdating the time of the assessment. The County Auditor makes appraisals on the basis of information available at the time of the tax assessment date, and he cannot be held responsible to detect a decline in real estate values that becomes evident by subsequent events.

A substantial part of Mr. Reinman's appraisals is based on recent information that is not a proper consideration in this case. Out of fifteen comparable sales used by him, only four occurred prior to January 1, 1961, and these four occurred in the period from 1951 to 1954. One comparable sale occurred April 2, 1962, and could be considered for the 1963 and 1964 tax cases, and three comparable sales occurred in 1963 and could be considered for the 1964 tax cases. Seven of these sales occurred after January 1, 1964, which is the latest time that appraisal information on the 1964 tax cases could be considered. Furthermore, Mr. Reinman relied heavily on the cost approach

and some of the comparable sales relied on by Mr. Reinman in his testimony as a basis of his valuations occurred after January 1, 1964.

Mr. Reinman's data on comparable rentals is similarly based on recent information.

The next reappraisal of Mahoning County property is scheduled for 1968 and is already under way. The information in Mr. Reinman's appraisal is available for the 1968 appraisal and undoubtedly will be considered. However, all information postdating the dates of the tax assessments must be excluded from consideration. Since Mr. Reinman's appraisal included considerable postdated information which undoubtedly influenced his appraisals, we cannot say that the trial court's decision is against the manifest weight of the evidence as to all the McCrory Corporation cases, all the F. W. Woolworth Company cases, and the 1961 and 1962 Hamilton Lerner Shops, Inc., cases.

Plaintiffs' second assignment of error concerns Mr. Reinman's testimony that the Lerner Shops' property was sold on July 19, 1962, for $276,000.17 by Ivan Selig to the Lerner Corporation. It was Mr. Reinman's understanding that this was an arm's length transaction; however, he did not know the identity of Ivan Selig or whether Ivan Selig had any connection with the Lerner Corporation.

"The best method of determining value, when such information is available, is an actual sale of such property between one who is willing to sell but not compelled to do so and one who is willing to buy but not compelled to do so. Paragraph two of the syllabus in *In re Estate of Sears,* 172 Ohio St. 443, 178 N. E. 2d 240. This, without question, will usually determine the monetary value of the property. * * *." *State, ex rel. The Park Investment Co.* v. *Board of Tax Appeals,* 175 Ohio St. 410, at 412.

If the sale of this property on July 19, 1962, was an arm's length transaction and a bona fide sale, it would determine the true value of this property for the 1963 and 1964 tax years; however, the only testimony was hearsay evidence. The decision of the trial court indicates that it decided that this was not an arm's length transaction, and we cannot say that its decision is against the manifest weight of the evidence.

Plaintiffs' third assignment of error is that the Common Pleas Court erred in holding that there is a presumption that the actions of the auditor and the Board of Revision in these cases were valid and that the defendants had the burden to overcome this presumption.

The action of an administrative officer or board, within the limits of the jurisdiction conferred by law, is presumed, in the absence of proof to the contrary, to be valid and to have been done in good faith and in the exercise of sound judgment. *Wheeling Steel Corp* v. *Evatt, Tax Commr.*, 143 Ohio St. 71.

However, under Section 5717.05, Revised Code, when substantial evidence supporting the claim of a taxpayer is presented to the Common Pleas Court on an appeal from a decision of a county board of revision, the presumption that the action of the county board of revision is valid and has been done in good faith and in the exercise of sound judgment is no longer applicable. *Cleveland* v. *Cuyahoga County Board of Revision,* 96 Ohio App. 483; *Bloch* v. *Glander, Tax Commr.*, 151 Ohio St. 381; *Youngstown Sheet & Tube Co.* v. *Bowers, Tax Commr.*, 156 Ohio St. 122; *Willoughby Terminals Co.* v. *Mummey, Aud.*, 5 Ohio Misc. 220.

In the instant case, plaintiffs had not presented substantial evidence for the 1961, 1962 and 1963 tax assessments before the Mahoning County Board of Revision, and the transcript of the Mahoning County Board of Revision for the 1964 tax assessments is not in the record.

We hold that the trial court was correct in its statement in its opinion in the instant case that the court must at the outset indulge the presumption that the actions of the auditor and the Board of Revision in these cases were valid, were done in good faith, and in the exercise of good judgment. This presumption continued until plaintiffs presented substantial evidence supporting their claims; however, once plaintiffs fulfilled the burden of presenting substantial evidence, this presumption was no longer applicable.

The trial judge specifically stated that his final decision was made "aside from any presumptions of validity of actions of the administrative bodies below." We, therefore, overrule plaintiffs' third assignment of error.

We have considered the other assignments of error of plaintiffs and find them without merit.

Defendants, appellees herein, filed assignments of error in this case. Plaintiffs, appellants herein, challenged the right of defendants to file assignments of error, citing *Greenberg* v. *L. I. Snodgrass Co.*, 95 Ohio App. 307, which held that there is no provision in the statutory procedural law or the rules of the Courts of Appeals for a so-called "cross-appeal" to the Courts of Appeals.

Section 2505.22, Revised Code, and Rule VII (A) (2) (b) of the Rules of the Courts of Appeals specifically provide that an appellee can file assignments of error. However, assignments of error of an appellee who has not appealed from a judgment may be considered by a reviewing court only when necessary to prevent a reversal of the judgment under review. *Parton* v. *Weilnau, Admr.*, 169 Ohio St. 145.

Although we have overruled plaintiffs' assignments of error, we recognize the importance of this case and the several serious legal issues involved in the decision of this case. Defendants have pointed out an error of the trial court that is an additional reason to affirm the action of the Mahoning County Board of Revision.

Even if defendants had not filed assignments of error, Section 2505.21, Revised Code, gives this court discretion to consider and decide errors which are not assigned or specified.

Defendants-appellees' first assignment of error is that the Common Pleas Court erred in failing to dismiss the appeal of plaintiffs-appellants for failure of plaintiffs to follow the law because they did not exhaust the administrative procedural remedies.

At the beginning and end of each of the three trials of these cases, defendants made motions to dismiss the cases for the years 1961, 1962 and 1963 tax assessments because plaintiffs did not present any evidence to the Mahoning County Board of Revision.

Defendants also moved to dismiss the cases for the 1964 tax assessments for the reason that those cases were being heard before the transcript of the Mahoning County Board of Revision on those cases had been filed, because there had not

been sufficient time provided by law to prepare such transcripts. The trial court, in its opinion, overruled all these motions.

Section 5717.05, Revised Code, provides in part as follows:

"The court may hear the appeal on the record and the evidence thus submitted, or it may hear and consider evidence in addition thereto. * * *"

*Cleveland* v. *Cuyahoga County Board of Revision*, 96 Ohio App. 483, held that under that section the Common Pleas Court, on an appeal from a decision of a county board of revision involving value of property for taxation purpose, had the duty of trying the entire matter *de novo* by weighing and evaluating all the evidence anew and arriving at its own valuation of the property on the basis of the evidence before it. In the *Cleveland case,* considerable evidence was presented before the county board of revision, and additional evidence was then presented to the Common Pleas Court. We concur in the decision of that case that the Common Pleas Court then decides the case *de novo* by weighing and evaluating all the evidence anew and arriving at its own valuation of the property on the basis of the evidence before it.

However, the question of whether sufficient evidence had been presented to the county board of revision was not an issue in the *Cleveland case,* and we do not agree with plaintiffs' contention that the *Cleveland* v. *Cuyahoga County Board of Revision,* 96 Ohio App. 483, decision implies that the hearing before the Common Pleas Court, on an appeal from a decision of a county board of revision, proceeds the same as an original action and that the Common Pleas Court does not have to be concerned as to what occurred before the county board of revision. Such an interpretation is contrary to several Supreme Court cases.

Section 5717.05, Revised Code, provides for an appeal to the Common Pleas Court; it does not provide for an original action. In similar situations where the statute requires the court to examine the transcript and record of the administrative hearing and bestows a mere discretion as to the holding of additional hearings and the consideration of other evidence in addition to such transcript and record, our Supreme Court has held that an appeal to the Court of Common Pleas is not a right to a trial

*de novo* but is a right to a review of such order as provided by law. *Powell* v. *Young,* 148 Ohio St. 342; *Farrand* v. *State Medical Board,* 151 Ohio St. 222; *Andrews* v. *Board of Liquor Control,* 164 Ohio St. 275; 1 Ohio Jurisprudence 2d 587, Administrative Law and Procedure, Section 194.

Due to changes in our statutes on administrative appeals, the term "trial de novo" has changed in meaning, and this has led to confusion in the use of this term. Our Supreme Court, in considering an amendment to Section 119.12, Revised Code, which concerns appeals under the Administrative Procedure Act held that although the 1951 amendment, which provides for a consideration of the entire record of the agency and such additional evidence as the court may admit, does not permit a trial *de novo,* it does provide for something beyond a mere law review; in fact, a hybrid review which is one neither strictly of law nor of law and fact. *Andrews* v. *Board of Liquor Control,* 164 Ohio St. 275, a page 280.

In order to have the right to a trial *de novo,* there must have been a trial of factual issues in the court of first instance. *LeMaistre, Admr.,* v. *Clark,* 142 Ohio St. 1; *Murphy* v. *Porter,* 67 Ohio Law Abs. 161; Skeel's Ohio Appellate Law 108, Section 214.

In *LeMaistre, Admr.,* v. *Clark,* 142 Ohio St. 1, our Supreme Court, on page 4, stated:

"There cannot well be a *re*hearing or a *re*trial of factual issues in the Court of Appeals if there has been no previous hearing or trial.

"\* \* \*

"Ballentine's Law Dictionary defines *'de novo'* as 'Anew; over again; a second time.' "

Section 5715.13, Revised Code, provides as follows:

"The county board of revision shall not decrease any valuation complained of unless the party affected thereby or his agent makes and files with the board a written application therefor, verified by oath, showing the facts upon which it is claimed such decrease should be made."

1 Ohio Jurisprudence 2d 622-623, Administrative Law and Procedure, Section 227, states:

"The federal courts have established a set of principles

known as the 'primary jurisdiction doctrine,' under which the courts cannot or will not determine a controversy involving a question which is within the jurisdiction of an administrative tribunal, where the question demands the exercise of sound administrative discretion requiring the special knowledge, experience, and services of the administrative tribunal to determine technical and intricate matters of fact, and a uniformity of ruling is essential to comply with the purposes of the regulatory statute being administered.''

In *Cleveland & Western Coal Co.* v. *Pennsylvania Co.,* 97 Ohio St. 161, the court held that the state courts may not, as an original question, exert authority over subjects which primarily come within the jurisdiction of the Interstate Commerce Commission.

We are not suggesting that the ''primary jurisdiction doctrine'' is applicable in its entirety to an appeal from a county board of revision to a Common Pleas Court; however, we do feel that the Legislature intended that hearings before a county board of revision are more than a perfunctory preliminary to a trial before the Common Pleas Court.

The county board of revision is a quasi-judicial body. *Swetland Co.* v. *Evatt, Tax Commr.,* 139 Ohio St. 6. Section 5715.08, Revised Code, provides that it shall take full minutes of all evidence given before it, and that the secretary of the board shall preserve in his office separate records of all minutes and documentary evidence offered on each complaint.

The determination of the taxable values of real estate is primarily a question of fact rather than law. It is well settled that the valuation of property for the purposes of tax levies is ministerial and administrative in character. *Stanton, Pros. Atty.,* v. *State Tax Commission,* 114 Ohio St. 658, at pages 670-671.

In an urban county like Mahoning County, the members of the County Board of Revision have better facilities to determine taxable values than a Common Pleas Court, and they acquire a knowledge of taxable values, due to the intensive study necessary for periodic appraisals and to the many complaints filed before it, that is superior to any Common Pleas Court Judge.

We feel that the Legislature intended that the county board of revision should have a reasonable opportunity to consider the facts on which a taxpayer relies for his complaint and that the Common Pleas Court should have the benefit of the factual determination of the county board of revision on whatever facts the taxpayer has to present.

We hold that before an appeal can be made to the Common Pleas Court from a county board of revision under Section 5717.05, Revised Code, a taxpayer must have presented sufficient evidence to the county board of revision to establish a prima facie case.

Plaintiffs did not present any evidence for the 1962 tax assessments, and the evidence presented for the 1961 and 1963 tax assessments was insufficient to make a prima facie case. We, therefore, hold that the trial court erred in overruling defendants' motions to dismiss the cases for the years of 1961, 1962 and 1963 tax assessments.

There is no transcript of the Mahoning County Board of Revision for the 1964 cases because these cases were heard at the insistence of plaintiffs over the objection of defendants. We, therefore, hold that the trial court erred in overruling defendants' motion to dismiss the cases for the 1964 tax assessments.

*Judgment affirmed.*

JONES, P. J., and O'NEILL, J., concur.