DIVERSIFIED MORTGAGE INVESTORS, INC., APPELLEE, *v.* ATHENS COUNTY BOARD OF REVISION ET AL., APPELLANTS.

(No. CA 1074—Decided March 18, 1982.)

*Mr. Leonard A. Carlson,* for appellee.
*Mr. David Frey,* prosecuting attorney, for appellants.

STEPHENSON, J. This is an appeal brought pursuant to R.C. 5717.05 by the Athens County Board of Revision, defendants below and appellants herein, from a judgment entered by the Court of Common Pleas of Athens County fixing the fair market value of certain realty at $906,600, which figure is utilized as part of the formula to determine tax valuation, and reversing the finding of the Athens County Board of Revision wherein said board fixed the value of the realty in ques-

tion at $2,075,045. The appellants assert the following assignments of error:

"I. The trial court committed prejudicial error when it reversed the decision of the board of revision without holding a hearing or otherwise providing any opportunity for the parties to present additional evidence.

"II. The court of common pleas below has insufficient evidence before it when it reversed the decision of the board of revision and reduced the tax appraisal value and thus committed reversible error."

Pursuant to a sale in a mortgage foreclosure action, Diversified Mortgage Investors, Inc., plaintiff below and appellee herein, obtained the real estate which is the subject matter of this dispute. Pursuant to procedures required for a public sale of the realty, the court of common pleas ordered real estate appraised by three qualified appraisers. The appraisers valued the property at $906,600 and such appraisal was approved by the court. The subject real estate was initially appraised by the Athens County Auditor to have a fair market value of $2,075,045. The appellee, dissatisfied with the initial appraisal, sought review of the appraisal by the Athens County Board of Revision, pursuant to R.C. 5715.19. A hearing was held with the only evidence being presented being the testimony of Leonard A. Carlson, appellee's attorney, who testified that pursuant to the mortgage foreclosure action, the property was appraised in 1978 by three local real estate appraisers, and that the value of the property was $906,600. The board of revision's determination was to make no change in the value of the real estate.

Appellee then chose to appeal the decision of the board of revision to the Court of Common Pleas of Athens County pursuant to R.C. 5717.05, arguing that the decision of the board of revision was unreasonable and erroneous. The appellants filed the transcript from the board of revision hearing as required by

R.C. 5717.05. Without the introduction of any new evidence, and without a hearing, and relying upon the transcript from the board of revision hearing and the prior appraisal, the trial court determined the real estate to be valued at $906,600.

Appellants' first assignment of error argues that the trial court erred in failing to provide a hearing and permit the introduction of evidence prior to the court's determination of the value of the property. We first note that R.C. 5717.05 provides in pertinent part as follows:

"Within thirty days after notice of appeal to the court has been filed with the county board of revision said board shall certify to the court a transcript of the record of the proceedings of said board pertaining to the original complaint and all evidence offered in connection therewith.

"The court may hear the appeal on the record and the evidence thus submitted, or it may hear and consider evidence in addition thereto. It shall determine the taxable value of the property whose valuation or assessment for taxation by the county board of revision is complained of * * *."

The appellants argue that a hearing was required under R.C. 2505.05 *et seq.* In *Inter City Foods, Inc.* v. *Kosydar* (1972), 30 Ohio St. 2d 159, 162 [59 O.O.2d 164], the court stated that "[t]he statutes in R.C. Chapter 2505, being general appeals' statutes making provisions, *inter alia,* for appeals from the findings and orders of the administrative officers or commissions when provided by law, and R.C. 5717.04, setting forth the requirements for an appeal from the Board of Tax Appeals, are in *pari materia.* Therefore, if possible, their provisions should be reconciled. * * *" This action is brought under the provisions of R.C. 5717.05 providing for appeals to the court of common pleas, whereas R.C. 5717.04 provides for appeals to and from the Board of Tax Appeals. Further, since specific provision is set forth in R.C. 5717.05 respecting the

right to a hearing, it controls over general provisions elsewhere in the Ohio statutes. *Schisler* v. *Clausing* (1981), 66 Ohio St. 2d 345 [20 O.O.3d 316]; *State, ex rel. Meyers,* v. *Chiaramonte* (1976), 46 Ohio St. 2d 230 [75 O.O.2d 283].

In *Selig* v. *Bd. of Revision* (1967), 12 Ohio App. 2d 157 [41 O.O.2d 232], the court, in interpreting R.C. 5717.05 stated, at pages 165-166, as follows:

"Section 5717.05, Revised Code, provides for an appeal to the Common Pleas Court; it does not provide for an original action. In similar situations where the statute requires the court to examine the transcript and record of the administrative hearing and bestows a mere discretion as to the holding of additional hearings and the consideration of other evidence in addition to such transcript and record, our Supreme Court has held that an appeal to the Court of Common Pleas is not a right to a trial *de novo* but is a right to a review of such order as provided by law. *Powell* v. *Young,* 148 Ohio St. 342 [35 O.O. 322]; *Farrand* v. *State Medical Board,* 151 Ohio St. 222 [39 O.O. 41]; *Andrews* v. *Board of Liquor Control,* 164 Ohio St. 275 [58 O.O. 51]; 1 Ohio Jurisprudence 2d 587, Administrative Law and Procedure, Section 194."

R.C. 5717.05 states that "[t]he court *may* hear the appeal on the record * * * or it may hear and consider evidence in addition thereto." (Emphasis added.) The courts have interpreted the word "may" to be permissive or discretionary with the court. See *Dorrian* v. *Scioto Conservancy District* (1971), 27 Ohio St. 2d 102 [56 O.O.2d 58].

Because R.C. 5717.05 sets up specific procedures for appeals from the decision of a taxing agency, we must conclude that the procedures contained in R.C. 5717.05 dictate whether or not a hearing is required. Accordingly, we hold that the decision as to whether the court may hear and consider additional evidence is a matter within the sound discretion of the court of common pleas.

Upon a review of the record, we find no abuse of discretion. We note that at no time did appellants attempt to request a hearing or attempt to seek permission to introduce any new evidence. Appellants received notice of the appeal on May 7, 1980. Appellants then transmitted the record to the court on January 27, 1981 and the court did not render a decision until August 14, 1981. Accordingly, the record before us contains no evidence demonstrating an abuse of discretion. Appellants' first assignment of error is overruled.

Appellants' second assignment of error argues that the common pleas court's decision is against the manifest weight of the evidence. As previously indicated, the only evidence before the court below was the testimony of appellee's attorney concerning the prior appraisal of the property pursuant to the foreclosure action. In the memorandum decision, the court below states:

"Upon consideration of the certified record from the Board of Revision, the court finds that this court in 1979 appointed three disinterested freeholders, residents of Athens County each of whom was well experienced in evaluating real estate in Athens County, to appraise the subject real estate. Said appraisers placed a valuation on said property of $906,600.00 which appraisement was thereafter accepted by the Court.

"* * *

"The Court therefore accepts said appraisement of $906,600.00 as the true value of the property for tax purposes."

In Selig, supra, the court, in reviewing the sufficiency of evidence before the lower court stated, at page 163:

"We hold that the trial court was correct in its statement in its opinion in the instant case that the court must at the outset indulge the presumption that the actions of the auditor and the Board of Revision in these cases were valid, were done in good faith, and in the exercise of good judgment. This presumption continued until plaintiffs presented substantial evidence supporting their claims; however, once plaintiffs fulfilled the burden of presenting substantial evidence, this presumption was no longer applicable."

In Selig, supra, the property owners attempted to prove the value of their land by introducing into evidence testimony of a qualified real estate appraiser who had appraised the land in question. The court concluded this was not substantial evidence to overcome the above-quoted presumption. We do not reach the question as to whether similar testimony would overcome the presumption in this case.

In the present case, the evidence presented before the lower court consisted of mere conclusionary assertions that the land was previously appraised at $906,600. There was no testimony as to when it was appraised or as to the procedures and techniques followed in the appraisal. The appellee argues that this gap in the evidence can be remedied by permitting the lower court to take judicial notice of its prior proceedings wherein the court approved the prior appraisal. Appellee's contention is without merit in that this court on numerous occasions has held that a court may not take judicial notice of prior proceedings in the court, but may only take judicial notice of the proceedings in the immediate case. See Burke v. McKee (1928), 30 Ohio App. 236; and Kimber Resources, Inc. v. E. T. Anderson (1977), Washington App. No. 459, unreported.

We accordingly hold that the record before the trial court is insufficient to overcome the presumption of the validity of an agency's findings in that the record contains mere conclusions of value based on a prior appraisal. In addition, we hold that the trial court may not take judicial notice of prior proceedings. Appellants' second assignment of error is sustained and the judgment is reversed.

In the matter of disposition, we con-

clude justice can best be done by remanding the cause to the court below to allow the court, if in its discretion it chooses to do so, to conduct a hearing and consider additional evidence pursuant to R.C. 5717.05 which provides, *inter alia,* "[t]he court may hear the appeal on the record and the evidence thus submitted, or it may hear and consider evidence in addition thereto."

*Judgment reversed and*
*cause remanded.*

GREY, P.J., and ABELE, J., concur.