OPINION
Defendant, Robert O Hayden, appeals from a judgment of the court of common pleas classifying him a sexually oriented offender and requiring him to register as provided by law.
Hayden was convicted and sentenced for attempted rape in 1984. On December 6, 1999, the court entered a judgment which states:
 "This matter having come before the Court for hearing on October 8, 1999, it is the finding of the Court that the defendant has been convicted of a sexually oriented offense, to wit: Attempted Rape.
 After reviewing the testimony, evidence, and the factors pursuant to Ohio Revised Code 2950.09, 2950.01(B), et seq., and 2950.01(D) et seq., the Court further finds by clear and convincing evidence that the Defendant:
 IS a Sexually Oriented Offender."
 Hayden filed a timely notice of appeal. He presents a single assignment of error, which states:
 ASSIGNMENT OF ERROR THE DEFENDANT-APPELLANT WAS DENIED DUE PROCESS OF LAW UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND IN VIOLATION OF § 2950.09(b) OF THE OHIO REVISED CODE, WHEN THE TRIAL COURT CONDUCTED A HEARING WITHOUT ALLOWING THE DEFENDANT-APPELLANT TO BE AT SUCH HEARING OR TO PRESENT WITNESS OR EVIDENCE IN HIS BEHALF.
 The crime of Rape, R.C. 2907.02, is one classified by R.C. 2950.01(D)(1) as a "sexually oriented offense." A person who is convicted of rape or attempted rape is, therefore, a sexually oriented offender. Sexually oriented offenders are required to register for a period of ten years after their release from incarceration with the sheriff of the county in which they reside. R.C. 2950.07(B)(3). The duty to register is triggered by an express determination made by the court in which the offender was sentenced that he is a sexually oriented offender. R.C. 2950.04.
It appears that the trial court held no hearing in order to determine that Hayden is a sexually oriented offender for purposes of his duty to register. Instead, the court took judicial notice of his 1984 rape conviction pursuant to Evid.R. 201. Hayden does not argue that judicial notice was improper. Instead, he argues that he had a right to be heard concerning the issue involved.
The State argues that Hayden was not entitled to a hearing because the notice and hearing requirements of R.C. 2950.09 apply only to sexual predator classifications, which impose more burdensome registration and more onerous community notification requirements. Applying the doctrine of expressio unius, expression of one thing suggests the exclusion of others, sexually oriented offender classifications require no hearing, according to the State.
The State's argument assumes that the right which Hayden asserts is one that is governed and determined wholly by statute. It is not, however. The right has a constitutional basis. It may be expanded by statute, but it may not be denied by statute.
The Sixth Amendment to the Constitution of the United States guarantees an accused the right "to be confronted with the witnesses against him (and) to have compulsory process for obtaining witnesses in his favor." That right is made applicable to state proceedings by the due process clause of theFourteenth Amendment. Pointer v. Texas (1965), 380 U.S. 400. Likeguarantees are conferred by Article I, Section 10 of the OhioConstitution. The scope of those guarantees includes the right tobe present at every critical stage of the trial, includingsentencing, and the right to confront adverse witnessesface-to-face and to cross-examine them. See Katz Gianelli,Criminal Law, Sections 67.1-67.3 and 69.1-69.5, pp. 460-464,496-502; 25 Ohio Jurisprudence 3d, Criminal Law, Sections 462,464, pp. 538-541. See also Crim.R. 43(A), which implements adefendant's constitutional right to be present. State v. Williams
(1983), 6 Ohio St.3d 281.
The constitutional right to due process of law guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution, embodies the notion that it is essential to the concept of justice that criminal proceedings be fundamentally fair. This includes the essential rights to notice and an opportunity to be heard. Statev. Edwards (1952), 157 Ohio St. 175; 25 Ohio Jurisprudence 3d, Criminal Law, Sections 7-9, pp. 48-52; 17 Ohio Jurisprudence 3d, Constitutional Law, Section 663, pp. 200-202.
Hayden's conviction for a sexually oriented offense confers on him the status of a sexually oriented offender. However, the duty imposed on him by statute to register with the sheriff for ten years after he is released from incarceration is triggered only by a judicial determination that he is a sexually oriented offender. Hayden's constitutional right of confrontation entitled him to a hearing on the grounds for that determination, one at which he may present and contest evidence. The trial court denied Hayden his right of confrontation when it proceeded to the determination without a hearing, relying on judicial notice alone.
We do not question the availability of judicial notice for the determination the court was required to make. Hayden's 1984 conviction is a fact that may be judicially noted, and per Evid.R. 201(C) the court may take judicial notice of prior proceedings in the immediate case. Diversified Mortgage Investors, Inc., v.Athens County Board of Revision (1982), 7 Ohio App.3d 157. However, paragraph (E) of Evid.R. 201 states:
 A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken.
 Evid.R. 201(E) serves two important purposes. First, it insures that judicial notice is confined to facts that are undisputed. Brown v. City of Cleveland (1981), 66 Ohio St.2d 93. Second, it preserves a party's right of confrontation to dispute the issues of fact and law involved. Therefore, judicial notice may not be employed so as to deny the right, notwithstanding that the facts involved are by their nature beyond dispute.
The assignment of error is well taken and hereby sustained. The judgment of the trial court will be reversed and this cause remanded to the trial court for further proceedings consistent with this opinion.
FAIN, J. concurs.