OPINION
On December 15, 1999, William L. Brubaker, acting as executor of the estate of Lovie JoAnn Brubaker, refiled a lawsuit against William A. Ross in the Franklin County Court of Common Pleas. The lawsuit alleged that Mr. Ross was liable to the estate for damages resulting from a collision which occurred August 13, 1992.
On January 18, 2000, counsel for Mr. Ross filed a motion to dismiss, alleging that the lawsuit had previously been dismissed with prejudice and that as a result, the lawsuit could not now be pursued again. The motion requested that the trial court take judicial notice of its own record and note that two previous filings had occurred. The first previous filing had been given case No. 94CVC-12-9158 and had been dismissed on January 25, 1996. The second previous filing had been assigned case No. 97CVC-01-2331 and had been dismissed on December 16, 1998.
Counsel for the Brubaker estate acknowledged two previous filings but asserted that the first refiling had resulted in judgment being granted against Mr. Ross. Later, counsel for Mr. Ross had entered an appearance and had successfully gotten the judgment set aside based upon a finding that service of process had not been obtained. Then the lawsuit had been dismissed by the trial court "for want of prosecution."
Counsel for Mr. Ross then filed a document entitled "Amendment to Motion for Defendant William Ross to Dismiss." In this "amendment," counsel inserted a theory that the statute of limitations had run. Counsel argued that the failure of service in the second lawsuit resulted in a situation such that the savings statute, R.C. 2305.19, did not apply.
The trial court adopted the theory that the savings statute did not apply to extend the time for filing the lawsuit and that the lawsuit should be dismissed. The trial court journalized its decision on September 13, 2000.
Counsel for the Brubaker estate has now pursued a direct appeal, assigning two errors for our consideration:
ASSIGNMENT OF ERROR NO. I
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION TO DISMISS FOR THE REASON THAT THE JUDGMENT IN THE PREVIOUS CASE WAS WITHOUT PREJUDICE, AS REQUIRED UNDER CIV. R. 4(E) EVEN IF THE PLAINTIFF-APPELLANT'S CAUSE OF ACTION HAD BEEN PREVIOUSLY DISMISSED WITHOUT PREJUDICE.
 ASSIGNMENT OF ERROR NO. II THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION TO DISMISS FOR THE REASON THAT THE BASIS FOR DISMISSAL CANNOT BE DETERMINED BEYOND DOUBT FROM THE COMPLAINT ITSELF.
Addressing the second assignment of error, the trial court clearly went beyond the four corners of the complaint when it ordered dismissal of the third lawsuit upon a theory that the statute of limitations had run. As to the proceedings in the previously filed cases, a court may not take judicial notice of prior proceedings in the court; rather, a court may only take judicial notice of the proceedings in the immediate case. Diversified Mortgage Investors, Inc. v. Bd. of Revision (1982),7 Ohio App.3d 157, 159. See, also, State ex rel. Findlay Publishing Co. v. Schroeder (1996), 76 Ohio St.3d 580, 581 (in ruling on a motion to dismiss, a court cannot rely on evidentiary material attached to such motion).
The running of the statute of limitations is an affirmative defense. The parties should have the opportunity to provide factual information about the applicability of the defense to a case where it could potentially apply. See Velotta v. Leo Petronzio Landscaping, Inc. (1982), 69 Ohio St.2d 376, paragraph three of the syllabus (a motion to dismiss based on the running of the statute of limitations is erroneously granted when the complaint does not conclusively show on its face that the action is barred by the statute of limitations).
The trial court should have converted the motion to dismiss to a summary judgment motion. The trial court's failure to do so was prejudicial error. Accordingly, the second assignment of error is sustained.
Because the trial court failed to handle the motion to dismiss correctly, this appellate court lacks the record necessary to address the merits of the first assignment of error. For that reason alone, the first assignment of error is rendered moot by our ruling on the second assignment of error. Upon remand, the trial court has the benefit of our ruling in Shanahorn v. Sparks (June 29, 2000), No. 99AP-1340, unreported, for assistance on the issue of whether the estate of Lovie JoAnn Brubaker attempted to commence the second lawsuit.
In summary, the second assignment of error is sustained. The first assignment of error is rendered moot by the error of the trial court discussed in the second assignment of error. The judgment of the trial court is reversed, and the case is remanded for further appropriate proceedings.
 ___________________ TYACK, J.
DESHLER and McCORMAC, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.