[Cite as *Monnier v. Monnier*, 2011-Ohio-259.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| CHRISTINA G. MONNIER | JUDGES:<br>Hon. W. Scott Gwin, P. J.<br>Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| -vs- | Case No. 10 CA 118 |
| TIMOTHY F. MONNIER | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:       Civil Appeal from the Court of Common
                               Pleas, Domestic Relations Division, Case
                               No.  06 DIV 0727


JUDGMENT:                      Affirmed


DATE OF JUDGMENT ENTRY:        January 21, 2011


APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

THOMAS L. COLE                         GARY A. HOTZ
76 North Mulberry Street               24461 Detroit Road #209
Mansfield, Ohio  44902                 Westlake, Ohio  44143

*Wise, J.*

{¶1} Defendant-appellant Timothy F. Monnier ("husband") appeals the September 9, 2010, Judgment Entry entered by the Richland County Court of Common Pleas, which overruled his objections and approved and adopted the Magistrate's September 9, 2010, Decision, and incorporated the Magistrate's Findings of Fact as order of the court.

{¶2} Plaintiff-appellee is Christina G. Monnier ("wife").

### STATEMENT OF THE CASE AND FACTS

{¶3} Husband and wife were married on September 26, 1981. No children were born as issue of said union. On June 13, 2006, wife filed a Complaint for Divorce in the Richland County Court of Common Pleas.

{¶4} The Judgment Entry Decree of Divorce was granted on May 23, 2007.

{¶5} Since that time, the parties have been back before the court on a number of different issues.

{¶6} On May 18, 2010, the parties came before the court on a post-decree hearing to decide issues relative to Husband's Executive Retirement Plan and Salaried Retirement Program. Requests for attorney fees were filed by both parties. Additionally, both parties stipulated that the attorney fees incurred by the other were reasonable.

{¶7} On June 16, 2010, the Magistrate entered his Decision which, inter alia, awarded attorney fees in the amount of $5,000.00 to Appellee.

{¶8}   On June 29, 2010, Husband filed Objections to the Magistrate's Decision. On July 19, 2010, Wife filed her Response to Husband's Objections. On August 10, 2010, Husband filed his Reply to Appellant's Response.

{¶9}   By Judgment Entry filed September 9, 2010, the trial court approved and adopted the Magistrate's Decision.

{¶10} It is from this Judgment Entry Husband appeals, raising the following assignment of error:

ASSIGNMENT OF ERROR

{¶11} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY AFFIRMING THE DECISION OF THE MAGISTRATE AWARDING ATTORNEY FEES TO THE APPELLEE."

{¶12} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

{¶13} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."

{¶14} This appeal shall be considered in accordance with the aforementioned rule.

I.

{¶15} In his sole assignment of error, husband maintains the trial court abused its discretion in awarding attorney fees to wife.  We disagree.

{¶16} Revised Code §3105.73(B) affords a domestic relations court with the power to award attorney fees and litigation expenses in post-decree matters where it deems equitable. Specifically, R.C. §3105.73(B) states:

{¶17} "(B) In any post-decree motion or proceeding that arises out of an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that motion or proceeding, the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets."

{¶18} In the case sub judice, the Magistrate stated:

{¶19} "Defendant has incurred attorney fees of $11,887.50, while Plaintiff has incurred attorney fees in this case of $16,410. The expenditure of these fees was reasonable and appropriate. Based upon his substantially higher income, it is reasonable and appropriate to require Defendant to pay a sum of $5,000.00 toward Plaintiff's attorney fees."

{¶20} Appellant argues that the trial court made this award of attorney fees without any evidence before it as to the respective incomes of the parties.

{¶21} Our review of a trial court's decision relative to attorney fees is governed by an abuse of discretion standard. *Howell v. Howell,* 167 Ohio App.3d 431, 855 N.E.2d 533, 2006-Ohio-3038. We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, the trial court abused its discretion. *Holcomb v. Holcomb* (1989), 44 Ohio St.3d 128, 541 N.E.2d 597. In order to

find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983) 5 Ohio St.3d 217, 450 N.E.2d 1140.

{¶22} Upon review, we find that in the instant case, the magistrate had before him evidence as to Appellant's monthly pension benefit which was initially $8,226.65 and then later reduced to $7,379.62 after he elected his current wife to receive the surviving spouse benefit in contravention of the divorce decree.

{¶23} We further find that the trial court was familiar with the parties and their financial situations based on earlier proceedings in this case and the entire record before it. The court has the power to take judicial notice of its own records and judicial notice of its own actions in earlier proceedings of the same case. *Diversified Mortgage Investors, Inc. v. Athens Cty. Bd. of Revision* (1982), 7 Ohio App.3d 157, 159, 454 N.E.2d 1330.

{¶24} Appellant further argues that the trial court abused its discretion in citing Appellant's conduct in support of the attorney fee award. In its Judgment Entry, the trial court held:

{¶25} "The Court considers the award of attorney fees of Five Thousand ($5,000) Dollars to be equitable. The responsibility for the preparation of the original Qualified Domestic Relations Order was the Defendants. The disagreement primarily before the Court was driven by the Defendant's actions in naming his new wife as beneficiary, thus reducing the amount to which the Plaintiff was by Judgment Entry entitled. The legal costs involving the Qualified Domestic Relations Order have been substantial on both sides. Defendant's bill for his legal services was $11,887.59, more

than twice the award. But for the delay in obtaining the Qualified Domestic Relations Order and the unilateral action of the Defendant that reduced the Plaintiff's entitlement, Plaintiff would not have incurred additional legal expense."

{¶26} As set forth above, R.C. §3105.73(B) allows the trial court to consider both the income and the conduct of the parties when granting or denying a request for attorney fees.

{¶27} Under these circumstances, we find that the trial court acted within its discretion under R.C. §3105.73(B) in awarding $5,000.00 toward the attorney fees incurred by Appellee.

{¶28} Husband's sole assignment of error is overruled.

{¶29} For the foregoing reasons, the Judgment of the Court of Common Pleas, Domestic Relations Division, Richland County, Ohio, is affirmed.

By: Wise, J.

Gwin, P. J., and

Farmer, J., concur.

_____

_____

_____

JUDGES

JWW/d 0113

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


CHRISTINA G. MONNIER                    :
                                         :
    Plaintiff-Appellee               :
                                         :
-vs-                                     :          JUDGMENT ENTRY
                                         :
TIMOTHY F. MONNIER                       :
                                         :
    Defendant-Appellant              :          Case No. 10 CA 118


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Richland County, Ohio, is affirmed.

Costs assessed to Appellant.


                                 _____


                                 _____


                                 _____

                                         JUDGES