[Cite as *CABOT III-OH1M02, L.L.C. v. Franklin Cty. Bd. of Revision*, 2013-Ohio-5301.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

CABOT III-OH1M02, LLC,                    :

    Appellant-Appellant,              :
                                          No. 13AP-232
v.                                         :     (C.P.C. No. 12CVF-13061)

Franklin County, Ohio                      :     (ACCELERATED CALENDAR)
Board of Revision et al.,
                                 :

    Appellees-Appellees.              :

                                 :

D E C I S I O N

Rendered on December 3, 2013

*Taft, Stettinius & Hollister LLP*, and *Stephen M. Griffith, Jr.*, for appellant.

*Ron O'Brien*, Prosecuting Attorney, and *William Stehle*, for appellees Franklin County Board of Revision and Franklin County Auditor.

*Rich & Gillis Law Group, LLC*, *Jeffrey A. Rich*, *Mark H. Gillis*, and *Allison J. Crites*, for appellee Columbus City School District Board of Education.

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Appellant, CABOT III-OH1M02, LLC, appeals from the decision and entry of the Franklin County Court of Common Pleas affirming the decision of the Franklin County Board of Revision ("BOR") determining the taxable value of certain property owned by appellant. For the following reasons, we affirm.

## I.  FACTS AND PROCEDURAL HISTORY

{¶ 2}   Appellant initiated this matter on March 30, 2011 with a complaint before the BOR contesting the taxable value assigned by appellee, Franklin County Auditor ("auditor"), to appellant's property for tax year 2010.  The property is a single improved 9.431-acre tract of land located at 2550 John Glenn Avenue in Columbus, Ohio and is identified by the auditor as parcel number 430-242629.  It is undisputed that the property is located in a Community Reinvestment Area ("CRA").[1]  It is further undisputed that, for accounting purposes, the auditor assigned a two-digit suffix to the original parcel number to designate which portion of the value is taxable and which portion is tax-abated.  The taxable portion of the property, designated as parcel number 430-242629-80, consists of paved land; the tax-abated portion of the property, designated as parcel number 430-242629-90, consists of a warehouse building.[2]

{¶ 3}   For 2010, the auditor assessed the true value of 430-242629-80 and 430-242629-90 as $940,700 and $6,731,800, respectively, for an aggregate true value of $7,672,500.  The auditor assessed the taxable value of 430-242629-80 and 430-242629-90 as $329,500 and $2,356,130, respectively, for a total taxable value of $2,685,630.

{¶ 4}   In its complaint, appellant requested a reduction in both the true value and taxable value of the property.  More specifically, appellant asserted the true value of 430-242629-80 and 430-242629-90 should be $557,860.50 and $3,992,139.50, respectively, for an aggregate true value of $4,550,000.  Appellant further asserted the taxable value of 430-242629-80 and 430-242629-90 should be $195,251.18 and $1,397,248.83, respectively, for a total taxable value of $1,592,499.01.  Appellant averred in the complaint the requested change in value was justified because "[t]he owner acquired the property on March 24, 2011 for $4,550,000 in an arm's length transaction."  Appellant computed the new value by (1) determining the percentage of the aggregate value assessed by the

---

[1] "In R.C. 3735.65 *et seq.*, the General Assembly has instituted a property tax incentive program that promotes the construction and remodeling of commercial, industrial, and residential structures in CRAs." *Bd. of Edn. of Gahanna-Jefferson Local School Dist. v. Zaino*, 93 Ohio St.3d 231, 232 (2001).

[2] The derivation of our averments that these facts are "undisputed" is twofold.  First, at oral argument, counsel for appellant essentially conceded the property is located in a CRA and the -80 and -90 suffixes on the parcel number designate the taxable and tax-abated portions of the property, respectively.  Second, property record cards attached to the complaint designate the taxable portion of the property as 430-242629-80 and the tax-abated portion of the property as 430-242629-90.

auditor to the taxable and tax-abated portions of the property, and then (2) applying that percentage to the $4,550,000 sale price. Appellee, Columbus City Schools Board of Education ("BOE"), filed a countercomplaint in support of the auditor's valuation.

{¶ 5} The BOR held a hearing on the matter on August 28, 2012. At the hearing, Justin Henry, an acquisitions officer employed by appellant and familiar with the acquisition of the subject property, testified appellant purchased the property from the seller for $4,550,000. Henry further averred the sale was voluntary, occurred in the open market, and both appellant and the seller acted in their own self-interest. Henry identified documentation, including a settlement statement, deed, and purchase and sale agreement, evidencing appellant's March 24, 2011 purchase of the property from RPH Industrial, LLC, at a price of $4,550,000. Appellant presented no other witnesses, and neither the auditor nor the BOE presented any witnesses.

{¶ 6} Based upon the evidence and testimony at the hearing, the BOR accepted the sale price of $4,550,000 as the new true value of the property. In a decision filed September 18, 2012, the BOR maintained both the $940,700 true value and the $329,500 taxable value of the taxable portion of the property. In a separate decision also filed on September 18, 2012, the BOR reduced the true value and the taxable value of the tax-abated portion of the property to $3,609,300 and $1,263,260, respectively. The BOR's decisions effectively allocated all of the reduction of value of the property to the tax-abated portion of the property; hence, appellant received no reduction in its tax liability.

{¶ 7} Appellant appealed the BOR's decision to the Franklin County Court of Common Pleas pursuant to R.C. 5717.05. In a decision and entry filed February 26, 2013, the common pleas court affirmed the BOR's decisions. The court also averred, in response to a jurisdictional issue raised by the BOE, that appellant's appeal was timely filed.

## II. ASSIGNMENTS OF ERROR

{¶ 8} On appeal, appellant presents the following four assignments of error for our review:

> [I.] THE TRIAL COURT ERRED BY DETERMINING THAT APPELLANT IS NOT AN AGGRIEVED PARTY.

[II.] THE TRIAL COURT ERRED BY PRESUMING THAT THE BOARD OF REVISION DECISION WAS VALID.

[III.] THE TRIAL COURT ERRED BY RULING THAT ANY REDUCTION IN THE VALUE OF THE PROPERTY HAD TO BE APPLIED FIRST TO THE PARCEL OF THE PROPERTY THAT WAS EXEMPT FROM REAL PROPERTY TAX.

[IV.] THE TRIAL COURT ERRED BY FAILING TO DETERMINE INDEPENDENTLY THE ALLOCATION OF THE REDUCTION IN THE VALUE OF THE PROPERTY TO THE TWO PARCELS OF WHICH THE PROPERTY IS COMPRISED.

## III. DISCUSSION

{¶ 9} At the outset, we address a jurisdictional issue raised by the BOE. In its brief before the common pleas court, the BOE first asserted appellant failed to satisfy the mandatory and jurisdictional requirements set forth in R.C. 5717.05 for perfecting an appeal from the BOR to the common pleas court. More particularly, the BOE argued appellant failed to serve a copy of its notice of appeal on the BOE within the 30-day filing deadline set forth in the statute. The BOE maintained that this defect in service deprived the common pleas court of jurisdiction over the appeal, and, therefore, the appeal should be dismissed. The BOE further asserted that, even if the court had jurisdiction over the appeal, the BOR properly allocated the reduction in total value of the property first to the tax-abated portion of the property before reducing the value of the taxable portion of the property. As noted above, the common pleas court affirmed the BOR's decisions on the merits and rejected the BOE's jurisdictional argument, finding that appellant timely filed its appeal.

{¶ 10} In its answer brief before this court, the BOE reasserts its jurisdictional argument, essentially contending the common pleas court erred in failing to dismiss the appeal. This argument is not properly before this court, however, because the BOE did not file a cross-appeal challenging the common pleas court's failure to dismiss for lack of jurisdiction.

{¶ 11} App.R. 3(C)(1) states in part:

A person who intends to defend a judgment or order against an appeal taken by an appellant and *who also seeks to change*

*the judgment or order* * * * shall file a notice of cross appeal within the time allowed by App.R. 4.

(Emphasis added.)

{¶ 12} The BOE's jurisdictional argument falls within the specifications of App.R. 3(C)(1), which require the filing of a cross-appeal. Here, the BOE seeks both to defend the common pleas court's judgment on the merits and to change the judgment from which the appeal is taken to an outright dismissal of the appeal.

{¶ 13} It is important to note that the jurisdictional issue here does not concern the subject-matter jurisdiction of the common pleas court to hear appellant's appeal from the BOR's decisions. This court has stated the filing of a cross-appeal is not a prerequisite to challenging a court's subject-matter jurisdiction, as subject-matter jurisdiction cannot be waived and may be raised at any time. *See IBM Corp. v. Bd. of Revision of Franklin Cty.*, 10th Dist. No. 06AP-108, 2006-Ohio-6258, ¶ 12.

{¶ 14} In this case, any challenge to the subject-matter jurisdiction of the common pleas court to hear appellant's appeal would have been futile. "Subject matter jurisdiction focuses on the court as a forum and on the case as one of a class of cases, not on the particular facts of a case or the particular tribunal that hears the case." *State v. Swiger*, 125 Ohio App.3d 456, 462 (9th Dist.1998). R.C. 5717.05 expressly permits an appeal from a BOR decision to the Franklin County Court of Common Pleas ("[A]n appeal from the decision of a county board of revision may be taken directly to the court of common pleas of the county by the person in whose name the property is listed or sought to be listed for taxation."). Thus, the jurisdictional issue asserted by the BOE here concerns the common pleas court's authority to act within the jurisdiction conferred by R.C. 5717.05. Jurisdictional defects of this type are generally considered waived unless properly preserved on appeal. Proper preservation of the jurisdictional defect alleged by the BOE in this case required the filing of a cross-appeal pursuant to App.R. 3(C)(1). Because the BOE did not do so, it has waived its jurisdictional argument.

{¶ 15} Having dispensed with the BOE's jurisdictional argument, we now consider the merits of appellant's assignments of error.

## A.  First Assignment of Error

{¶ 16} In *Kaiser v. Franklin Cty. Auditor & Franklin Cty. Bd. of Revision*, 10th Dist. No. 10AP-909, 2012-Ohio-820, ¶ 9, this court set forth the applicable standard of review:

> A party may appeal a decision of a county board of revision to the court of common pleas under R.C. 5717.05 as an alternative to an appeal to the Ohio Board of Tax Appeal pursuant to R.C. 5717.01.  An appeal under R.C. 5717.05, while requiring more than a mere review of the decision of the board of revision by the court of common pleas, is properly limited to a comprehensive consideration of the existing evidence and, at the court's discretion, to an examination of additional evidence.  R.C. 5717.05; *Black v. Bd. of Revision of Cuyahoga Cty.*, 16 Ohio St.3d 11, 14, 16 Ohio B. 363, 475 N.E.2d 1264 (1985).  The court of common pleas should consider the evidence heard by the board of revision, any additional evidence heard at the court's discretion, and apply its independent judgment to determine the taxable value of the subject property.  *Id.*  R.C. 5717.05 thus does not mandate a trial de novo.  *Selig v. Bd. of Revision, Mahoning Cty.*, 12 Ohio App.2d 157, 165, 231 N.E.2d 479 (7th Dist.1967).  Upon further appeal to this court, our review is limited to a determination of whether the court of common pleas abused its discretion in determining the matter.  We will accordingly not reverse the court of common pleas' judgment unless it is unreasonable, arbitrary or unconscionable.  *Tall Pines Holdings, Ltd. v. Testa*, 10th Dist. No. 04AP-372, 2005-Ohio-2963, ¶ 19.

{¶ 17} In its first assignment of error, appellant contends the common pleas court erred in determining that appellant is not an aggrieved party.  Appellant maintains that it is an aggrieved party because the BOR's allocation of the entire reduction in value to the tax-abated portion of the property resulted in no reduction in its tax liability.

{¶ 18} Initially, we note the common pleas court did not expressly aver that appellant is not an aggrieved party.  Rather, the court, after noting both that appellant had presented no evidence at the BOR hearing that the land value was different than the value set by the auditor and that the BOR had reduced the aggregate value of the property in accordance with the request set forth in appellant's complaint, averred only that "it *appears* that the appellant is not an aggrieved party and thus, does not present a

justiciable issue to this Court."  (Emphasis added.)  (Feb. 26, 2013 Decision and Entry, 2.) Moreover, even if the court's statement could be construed in the manner urged by appellant, such statement was harmless, given the trial court addressed the merits of appellant's appeal.

{¶ 19} Appellant's first assignment of error is overruled.

### B.  Second Assignment of Error

{¶ 20} By its second assignment of error, appellant contends the common pleas court erred by according the BOR's decisions a presumption of validity.  Citing *Vandalia-Butler City Schools Bd. of Edn. v. Montgomery Cty. Bd. of Revision*, 130 Ohio St.3d 291, 294-95, 2011-Ohio-5078, appellant argues the Supreme Court of Ohio has consistently held that board of revision decisions are not entitled to a presumption of validity.

{¶ 21} The common pleas court cited the Supreme Court of Ohio's decision in *Cleveland Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision,* 68 Ohio St.3d 336 (1994), for the proposition that, "[a]bsent proof that the action of the BOR was not performed in good faith and the exercise of sound judgment, the BOR's action in determining the value of real property for tax purpose[s] must be presumed valid."  (Feb. 26, 2013 Decision and Entry, 2.)  In *Cleveland Bd. of Edn.,* the court stated:

> *Alliance Towers* [*Ltd. v. Stark Cty. Bd. of Revision*, 37 Ohio St.16 (1988)] does say:
>
> "The taxpayers offered no testimony or evidence that the action of the board of revision was not performed in good faith and in the exercise of sound judgment.  Absent this proof, the action of the board of revision must be presumed to be valid."  *Alliance Towers*, 37 Ohio St.3d at 25, 523 N.E.2d at 834.
>
> In other words, *Alliance Towers* resolves the issue of whether the board of revision acted in good faith and exercised sound judgment, not whether the board of revision's finding of true value should be presumed to be correct.  Roc Syl's appeal does not present the issue of "good faith" or "sound judgment"; moreover, the BTA found that Roc Syl failed to sustain its burden of proving that the board of revision's true value determination was incorrect.

*Id.* at 337.

{¶ 22} Thus, the common pleas court's asserted proposition of law is correct. Pursuant to *Cleveland Bd. of Edn.*, the *action* of the BOR was entitled to a presumption of validity in the absence of evidence that such *action* was not performed in good faith and in the exercise of sound judgment. As in *Cleveland Bd. of Edn.*, appellant's appeal does not present the issue of "good faith" or "sound judgment." Although appellant correctly contends that the BOR's *decisions* were not entitled to a presumption of validity, the common pleas court did not so hold. The court did not find appellant failed to overcome the presumption of validity of the BOR's findings. To the contrary, the court found appellant failed to sustain its burden of proving the BOR erred in allocating the entire reduction in value to the tax-abated portion of the property.

{¶ 23} The second assignment of error is overruled.

**C. Third Assignment of Error**

{¶ 24} In its third assignment of error, appellant contends the common pleas court erred in affirming the BOR's allocation of the entire reduction in value to the tax-abated portion of the property. Appellant maintains the BOR was required to employ a pro rata allocation of the aggregate sale price based upon the relative value of the taxable and tax-abated portions of the property pursuant to the auditor's original assessments.

{¶ 25} In support of this argument, appellant relies on *FirstCal Indus. 2 Acquisitions, L.L.C. v. Franklin Cty. Bd. of Revision*, 125 Ohio St.3d 485, 2010-Ohio-1921. There, the court considered the allocation of value between otherwise unrelated and non-continuous parcels, located in different counties, subject to a bulk sale. Under those circumstances, the court found the pro rata allocation of the aggregate sale price, based upon the relative value of the parcels pursuant to the auditor's original assessments, was a reasonable method of determining the value of the individual parcels. The court did not determine this method was the sole method of valuation. Moreover, the instant case is distinguishable, as it involves the purchase and sale of a single parcel, a portion of which is taxable and a portion of which is tax-abated.

{¶ 26} A taxpayer bears the burden of establishing the right to a reduction in value and is not entitled to its claimed reduction merely because no evidence is adduced contra its claim. *Bd. of Edn. of the Dublin City Schools v. Franklin Cty. Bd. of Revision*, ___ Ohio St.3d ___, 2013-Ohio-4543, ¶ 14, citing *Dayton-Montgomery Cty. Port Auth. v.*

*Montgomery Cty. Bd. of Revision*, 113 Ohio St.3d 281, 2007-Ohio-1948, ¶ 15. When a party appeals a board of revision's decision, the appellant, whether a taxpayer or a board of education, bears the burden of proving its right to a reduction or increase in the board of revision's determination of value. *Id.* at ¶ 15, citing *Columbus City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 90 Ohio St.3d 564, 566 (2001). To prevail on appeal, the appellant must present competent and probative evidence supporting the value the appellant asserts. *Id.*

{¶ 27} In this case, appellant bore the burden of proving its right to a reduction in value when it challenged the auditor's valuation of the property before the BOR. *See Dayton-Montgomery* at ¶ 15. To meet this burden, appellant presented competent and probative evidence establishing the sale of the property for $4,550,000. However, appellant presented no appraisal or expert testimony supporting its proposed allocation of the reduction in value between the taxable and tax-abated portions of the property. Indeed, appellant did not even mention its proposed allocation at the hearing. Appellant's suggestion that it was appellees' burden to disprove the allocation appellant asserted in its complaint is unavailing. The allocation appellant asserted in its complaint was merely appellant's opinion of value; it was not evidence. As noted above, appellant was not entitled to its claimed allocation merely because appellees presented no contradictory evidence. *Bd. of Edn. of the Dublin City Schools* at ¶ 14.

{¶ 28} The third assignment of error is overruled.

**D. Fourth Assignment of Error**

{¶ 29} By its fourth assignment of error, appellant contends the common pleas court erred by failing to independently determine the allocation of the reduction in the value of the property. Appellant correctly asserts R.C. 5717.05 requires a common pleas court, on appeal from a board of revision adjudication, to independently consider and weigh the record evidence and apply its independent judgment to determine the taxable value of the property at issue. *See Kaiser* at ¶ 9.

{¶ 30} Appellant contends that nothing in the common pleas court's decision confirms it performed its statutory duty to consider the record evidence in determining how to allocate the reduced value of the property between the taxable and tax-abated portions of the property. Appellant maintains the common pleas court did not consider

appellant's proffered evidence, i.e., the auditor's existing allocation of value between the taxable and tax-abated portions of the property.

{¶ 31} Contrary to appellant's assertion, the common pleas court did consider the auditor's existing allocation of value. Indeed, the court averred that "[a] review of the record demonstrates that the appellant has presented no evidence that the land value was different than the value set by the Franklin County Auditor." (Feb. 26, 2013 Decision and Entry, 2.) The court then discussed the propriety of the BOR's allocation of the entire reduction in value to the tax-abated portion of the property. In this discussion, the court noted that the record evidence established the subject property is one tract of land, divided solely for accounting purposes into taxable and tax-abated portions pursuant to the CRA agreement. In the absence of evidence proffered by appellant to establish otherwise, the court found reasonable the BOR's allocation of the entire reduction in value of the property to the tax-abated portion of the property. Indeed, the court noted that "by reducing the value of the property, the BOR has reduced the increase in value attributable to the improvements subject to the CRA. Thus, the BOR first must apply any reduction in total value to the abated portion of the property before lowering the base taxable value." (Feb. 26, 2013 Decision and Entry, 3-4.) This discussion and resolution establishes the court fulfilled its statutory duty to independently consider and weigh the record evidence and apply its independent judgment to determine the taxable value of the subject property.

{¶ 32} The fourth assignment of error is overruled.

## III. CONCLUSION

{¶ 33} Having overruled all four of appellant's assignments of error, we hereby affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and T. BRYANT, JJ., concur.

T. BRYANT, J., retired, formerly of the Third Appellate District, assigned to active duty under authority of the Ohio Constitution, Article IV, Section 6(C).

_____