[Cite as *Piepho v. Franklin Cty. Bd. of Revision*, 2014-Ohio-2908.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Marilyn A. Piepho, | : | |
| Appellant-Appellant, | : | |
| | : | No. 13AP-818 |
| v. | : | (B.T.A. No. 2013-W-343) |
| Franklin County Board of Revision et al., | : | (ACCELERATED CALENDAR) |
| Appellees-Appellees. | : | |

D E C I S I O N

Rendered on June 30, 2014

*Marilyn A. Piepho*, pro se.

APPEAL from the Board of Tax Appeals of Ohio

O'GRADY, J.

{¶ 1} Appellant-appellant, Marilyn A. Piepho, appeals from a decision and order of the Board of Tax Appeals of Ohio ("BTA") determining the taxable value of certain real property for the tax years 2010, 2011, and 2012. Because we conclude the BTA's decision was not unreasonable or unlawful, we affirm.

I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} Appellant owns a condominium in Westerville. For tax year 2010, the county auditor determined the true value of appellant's property was $72,500. Appellant filed a complaint arguing the value was actually $35,475. Appellee-appellee, the Franklin County Board of Revision ("BOR"), conducted a hearing and supplemented appellant's evidence with a comparative market analysis. Then, the BOR voted to reduce the true value of appellant's property to $58,000 for tax years 2010, 2011, and 2012. Appellant filed an appeal with the BTA, and, after a hearing, the BTA found appellant did not provide competent and probative evidence to support her opinion of value. The BTA also

found insufficient evidence to support the BOR's reduction in value to $58,000 and reinstated the value the county auditor originally assessed.

## II. ASSIGNMENTS OF ERROR

{¶ 3} Appellant appeals and provides the following as her statement of assignments of error for our review:

> Statement of Assignments of Error
>
> Mistakes:
> 1) Per The BTA decision: "With nothing more than a list of raw sales data...)" * * * This is not accurate since I presented a full page detailed sale record of each property as well as a spreadsheet delineating the likenesses and differences of the units.
>
> 2) Per The BTA decision: "We must be able to discern the similarity of such properties to the one under consideration and what adjustments, if any, are warranted to account for perceived differences."  * * * Since there were no market sales of 2-bedroom, 2-story, on slab units like mine in 2010, 2011 or 2012, I supplied the closest comparables (sales) in the complex. I disclosed the 50+% more living space in these as well as notable capital improvements not present in my unit. Even though these bigger and more improved units repeatedly sold for much less than my smaller unit's Franklin County valuation, this appears to have been ignored by The BTA.
>
> 3) per BTA decision: "... reliability of such sales i.e that they are actual arms length transactions ..." * * * The information indicates that the sales were not to sons, daughters, parents, etc., but were listed as sales to market buyers clearly showing what people would pay. Basic economic standards hold that the true value of an item is what the market will pay no matter what "you think it is worth". A value opinion is not true if the market does not support it.
>
> 4) Per The BTA decision: "... appellant argued that the county auditor unfairly assessed the subject property compared to the assessed value of neighboring properties... valuations are not sales..." * * * As clearly shown by my spreadsheet, I compared assessed property values in 3 condo complexes to demonstrate the inconsistency of valuing rental property higher than resident occupied property. This was because I had been told that rental property was assessed higher than non-rental property. This is in essence another income tax, but is not applied consistently.

Failed to consider evidence:

[5)] Per The BTA decision: "... how common differences e.g.- location, size, quality of, construction of improvements, nature of amenities," * * * In a condominium there are many more similarities than differences since: - all units are in the same location/area/neighborhood - all units are of a few identical size choices and floor plans - all units were built by the same builder with the same quality of construction, and built at the same time - construction of improvements can only be within the original building structure - the nature of amenities is of course identical for all units in the complex (party house, pool, tennis, etc.)

Due to the vast similarities, comparables in a condominium complex are especially valid and should not be discounted.

[6)] Per The BTA decision: "... net income..." (as related to value) * * * The net income approach was not properly considered. The record from The BOR to The BTA only considered gross income with no interest or inquiry in net income. There was also no consideration in the "no income times" such as when the unit was empty when this all began. This was the document left out in the records sent to the Appeals Court from the BTA, which was later stipulated as part of the record. The other aspect in the record is the inconsistent application of valuation based on income as shown by the evidence not only in this complex but also 2 other nearby condo complexes.

(Sic passim.)

## III. DISCUSSION

{¶ 4}   An appellate court reviews decisions of the BTA to determine whether they are reasonable and lawful. *Gesler v. Worthington Income Tax Bd. of Appeals*, 138 Ohio St.3d 76, 2013-Ohio-4986, ¶ 10; s*ee Columbus City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 10th Dist. No. 12AP-682, 2013-Ohio-4504, ¶ 8, citing *HIN, L.L.C. v. Cuyahoga Cty. Bd. of Revision*, 124 Ohio St.3d 481, 2010-Ohio-687, ¶ 13.   The " 'fair market value of property for tax purposes is a question of fact, the determination of which is primarily within the province of the taxing authorities' " and an appellate court will not disturb a decision of the BTA " 'unless it affirmatively appears from the record that such decision is unreasonable or unlawful.' " *Hilliard City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 139 Ohio St.3d 1, 2014-Ohio-853, ¶ 48, quoting *EOP-BP Tower, L.L.C. v.*

*Cuyahoga Cty. Bd. of Revision*, 106 Ohio St.3d 1, 2005-Ohio-3096, ¶ 17, quoting *Cuyahoga Cty. Bd. of Revision v. Fodor*, 15 Ohio St.2d 52 (1968), syllabus.

{¶ 5}  "The BTA's findings of fact are to be affirmed if supported by reliable and probative evidence, and the BTA's determination of the credibility of witnesses and its weighing of the evidence are subject to a highly deferential abuse-of-discretion review on appeal." *Worthington City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 129 Ohio St.3d 3, 2011-Ohio-2316, ¶ 18, citing *Olentangy Local Schools Bd. of Edn. v. Delaware Cty. Bd. of Revision*, 125 Ohio St.3d 103, 2010-Ohio-1040, ¶ 15, and *Satullo v. Wilkins*, 111 Ohio St.3d 399, 2006-Ohio-5856, ¶ 14; *Wingates L.L.C. v. South-Western City Schools Bd. of Edn.*, 10th Dist. No. 10AP-846, 2011-Ohio-2372. However, we will reverse a BTA decision if the decision is based on an incorrect legal conclusion. *The Chapel v. Testa*, 129 Ohio St.3d 21, 2011-Ohio-545, ¶ 9; *see also Satullo* at ¶ 14, and *Gahanna-Jefferson Local School Dist. Bd. of Edn. v. Zaino*, 93 Ohio St.3d 231, 232 (2001).

{¶ 6}  When a taxpayer challenges the auditor's valuation of property before the BOR, the taxpayer has the burden to prove entitlement to a reduction in value. *See CABOT III-OH1M02, L.L.C. v. Franklin Cty. Bd. of Revision*, 10th Dist. No. 13AP-232, 2013-Ohio-5301, ¶ 27, citing *Dayton-Montgomery Cty. Port Auth. v. Montgomery Cty. Bd. of Revision,* 113 Ohio St.3d 281, 2007-Ohio-1948, ¶ 15. In an appeal to the BTA, the party challenging the BOR's decision has the burden of proof to establish the party's proposed value as the value of the property. *Sapina v. Cuyahoga Cty. Bd. of Revision*, 136 Ohio St.3d 188, 2013-Ohio-3028, ¶ 26, *see also Colonial Village Ltd. v. Washington Cty. Bd. of Revision*, 123 Ohio St.3d 268, 2009-Ohio-4975, ¶ 23. "To prevail on appeal, the appellant must present competent and probative evidence supporting the value the appellant asserts." *CABOT III-OH1M02* at ¶ 26, citing *Bd. of Edn. of the Dublin City Schools v. Franklin Cty. Bd. of Revision*, ____ Ohio St.3d ____, 2013-Ohio-4543, ¶ 14.

{¶ 7}  Here, appellant's statement of assignments of error is more akin to a list of arguments.  Appellant does not contend or cite any legal authority for the position that the BTA's decision was unlawful.  Instead, she suggests the BTA's decision was unreasonable for reasons we elaborate on below.

{¶ 8}  In its decision, the BTA noted appellant mainly relied on sales data from other units in her condo development to support her opinion of value.  Appellant argued, in 2010 four other condos in her development sold for an average of $53,750.  The four

sold condos had 2 bedrooms, 1.5 to 2 bathrooms, and finished basements. In contrast, appellant's condo had 2 bedrooms, 1.5 bathrooms, and no basement. Appellant argued the value of her condo should be 66 percent of the average sales price of the four sold condos, i.e., $35,475. Appellant believed this value increased slightly after the BOR hearing based on the sales of two additional condos in her development in 2012. These two condos had 2 bedrooms, 1.5 bathrooms, unfinished basements, and an average sales price of $49,950. Appellant made a "rough educated guess" that her condo's value should be 85 percent of $49,950, or $42,457, to account for the unfinished basement space the two sold condos had which her condo did not. (Tr. 11.) Appellant submitted a one-page sheet of information for each of the six sold condos.

{¶ 9} The BTA acknowledged appraisers commonly rely on comparable sales data to develop an opinion of value for residential properties. However, the BTA had to be satisfied the sales resulted from arm's-length transactions and needed to be able to discern the similarity of the sold properties to appellant's property and what adjustments, if any, were warranted to account for perceived differences. The BTA stated: " 'With nothing more than a list of raw sales data, a trier of fact is left to speculate as to how common differences, e.g., location, size, quality of construction of improvements, nature of amenities, date of sale as opposed to tax lien date, etc., may affect a value determination.' *Speca v. Montgomery Cty. Bd. of Revision* (Mar. 25, 2008), BTA No. 2006-K-2144, unreported." (Footnote deleted.) (Decision and Order, 2-3.)

{¶ 10} Appellant contends she proved the sales of the other condos in her development resulted from arm's-length transactions. However, it appears the BTA only discussed arm's-length transactions as part of a general discussion on information it needed about sales to effectively use them for valuation purposes. The BTA did not specifically state it was unsatisfied the sales at issue were arm's-length transactions. Rather, the BTA's decision implies it did not find appellant's comparable sales evidence helpful because appellant did not provide enough information for the BTA to compare appellant's condo to the sold condos. Additionally, the BTA was unpersuaded by appellant's calculations of using an average price per square foot based on the sale of prices of dissimilar neighboring condominiums.

{¶ 11} Next, appellant contends she presented competent, probative evidence from which the BTA could compare the sold condos to her condo and that she used a common

sense, widely-accepted approach to valuation. Appellant argues she submitted information on the sold condos most comparable to her own. Specifically, she provided a one-page sheet of information for each sold condo along with a spreadsheet comparing those condos to her condo. Appellant argues the BTA ignored the fact that bigger, more improved condos, e.g., condos with full, finished basements, repeatedly sold for much less than her smaller condo.

{¶ 12} Appellant did provide the BTA with some information comparing the sold condos to her own, e.g., the number of bedrooms and bathrooms and existence of full, finished basements. However, as the BTA's decision suggests, it is logical that factors beyond square footage and number of rooms, such as the location of the condos within the development, might have a meaningful impact on value. Therefore, we cannot say the BTA acted unreasonably in finding appellant's evidence insufficient to support her opinion of value. *See, e.g., Kaiser v. Franklin Cty. Auditor*, 10th Dist. No. 10AP-909, 2012-Ohio-820, ¶ 18-19 (finding BOR and common pleas court did not have to rely on taxpayer's proposed comparable sales which did not account for meaningful differences between properties).

{¶ 13} Next, appellant suggests the comparable sales data she provided is particularly probative because condos within a particular development generally share a number of characteristics. Specifically, she argues the following: (1) all units in a condo development are in the same location or neighborhood, (2) condo developments only offer a few options in terms of unit size and floor plan, (3) all units are built by the same builder, at the same time, and with the same quality of construction, (4) any improvements to an individual unit must be made within the original building structure, and (5) all units have the same amenities, e.g., access to a pool and tennis courts.

{¶ 14} Although condos within a development may share a number of characteristics, the BTA had no obligation to assume other factors (e.g., the location of condos within a development) have no impact on value.

{¶ 15} In its decision, the BTA also rejected appellant's contention that the county auditor unfairly assessed her property as evidenced by the assessed values of neighboring properties. Appellant claims someone at the county auditor's office told her rental properties, like her condo, were valued higher than non-rental properties. Appellant contends this practice is not applied consistently as evidenced by a spreadsheet she

prepared which compares the valuations of rental units to non-rental units in three condo developments, including her own. Appellant complains valuing rental property higher than non-rental property amounts to an income tax.

{¶ 16} The record contains no evidence as to how the county auditor actually determined the value of appellant's property or the value of the properties on appellant's spreadsheet. *See Colonial Village Ltd.* at ¶ 23, citing *Dayton-Montgomery Cty. Port Auth.* at ¶ 15 ("[T]he board of revision (or auditor) bears no burden to offer proof of the accuracy of the appraisal on which the county initially relies, with the result that the BTA is justified in retaining the county's valuation of the property when an appellant fails to sustain its burden of proof at the BTA."). Additionally, as the BTA pointed out, the fact that two parcels have different values, without more, does not prove the tax authorities valued the properties in a different manner. *WJJK Investments, Inc. v. Licking Cty. Bd. of Revision*, 76 Ohio St.3d 29, 31 (1996). Thus, the BTA correctly rejected appellant's argument that the county auditor unfairly assessed her property based on her evidence regarding valuation of neighboring properties.

{¶ 17} Next, appellant contends the BTA failed to properly consider the "net income approach" to valuation. In its decision, the BTA mentioned methods of real property valuation listed in Ohio Adm.Code 5703-25-07.  Under the income approach, "value is estimated by capitalizing the net income after expenses, including normal vacancies and credit losses." Ohio Adm.Code 5703-25-07(D)(2).  Appellant complains the BTA considered her gross income but not her net income or times when the unit was empty. In addition, she again points to her spreadsheet on inconsistent valuation of rental versus non-rental properties in condo developments.

{¶ 18} However, the BTA never made any findings about the net income approach, presumably for the following reasons. Appellant did not advocate for a specific valuation of her property under the net income approach. Additionally, given the lack of evidence as to what method the county auditor used to determine the value of appellant's property, any evidence of appellant's income and expenses as a landlord would not discredit the county auditor's valuation. Therefore, we reject appellant's contention that the BTA failed to properly consider the net income approach.

{¶ 19} The BTA's decision to reject appellant's evidence in this case was not unreasonable or unlawful. Therefore, we find no error in the BTA's conclusion that

appellant failed to prove the county auditor's determination of value did not accurately reflect true value.

{¶ 20} Appellant does not specifically challenge the BTA's decision to reject the BOR's revised valuation of $58,000. Regardless, we find no error in this decision. The BTA rejected the BOR's decision because it was based on "unadjusted comparable sales data" that failed to account for differences between appellant's property and the claimed comparable properties. (Decision and Order, 4.) The sales data the BTA refers to appears to be the BOR's comparative market analysis, which contains information about sales of condos in appellant's development. Although the evidence the BOR relied on could have rationally supported its reduction in the value of appellant's condominium, we must remain mindful that our standard of review for the BTA's determination of the credibility of witnesses and its weighing of the evidence is an abuse of discretion. Like the evidence appellant provided, the BOR's market analysis does not contain information like the location of the condos within a development. Thus, the BTA did not have to rely on the market analysis for the same reasons it did not have to rely on appellant's comparable sales evidence.

{¶ 21} In the absence of probative evidence supporting the reduction in value ordered by the BOR, the BTA's decision to reinstate the county auditor's original valuation was not unreasonable. *Vandalia-Butler City School Dist. Bd. of Edn. v. Montgomery Cty. Bd. of Revision*, 106 Ohio St.3d 157, 2005-Ohio-4385, ¶ 12.

## IV. CONCLUSION

{¶ 22} Accordingly, we overrule the assignments of error and affirm the decision of the Board of Tax Appeals of Ohio.

*Judgment affirmed.*

BROWN and DORRIAN, JJ., concur.