[Cite as *6800 Avery Rd., L.L.C. v. Franklin Cty. Bd. of Revision*, 2018-Ohio-822.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| 6800 Avery Road, LLC, | : | |
| Appellant-Appellant, | : | No. 17AP-363 |
| v. | : | (C.P.C. No. 13CV-13168) |
| Franklin County Board of Revision et al., | : | (REGULAR CALENDAR) |
| Appellees-Appellees. | : | |

D E C I S I O N

Rendered on March 6, 2018

**On brief:** *Kaltenbach Vargo, LLC*, and *James G. Vargo*, for appellant. **Argued:** *James G. Vargo*.

**On brief:** *Rich & Gillis Law Group*, *Mark. H. Gillis*, and *Richelle L. Thoburn*, for appellee Board of Education of the Dublin City School District. **Argued:** *Richelle L. Thoburn*.

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Appellant-appellant, 6800 Avery Road, LLC, appeals from a judgment of the Franklin County Court of Common Pleas in favor of appellees-appellees, Franklin County Board of Revision ("BOR"), Franklin County Auditor ("auditor"), and the Board of Education of the Dublin City School District ("school district"). For the reasons that follow, we affirm.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2} On February 11, 2011, appellant, by and through its principals, Edward Polina and Richard Coleman, purchased the real property at issue in this case for $250,000 at a sheriff's sale. For the year 2010, the auditor assigned a fair market value for the property

of $491,800.  On March 31, 2011, appellant filed a complaint with the BOR, pursuant to R.C. 5715.19(A), challenging the auditor's valuation and seeking a reduction in the fair market value to $101,004.65 for the 2010 tax year.  The school district filed a countercomplaint seeking to retain the auditor's value.

{¶ 3}  The BOR conducted an evidentiary hearing on the complaint on October 30, 2016.  Polina appeared at the hearing with counsel, and he testified as to the description of the property and the method he used to determine the value of his property.  Polina described the property as a one acre, undeveloped residential lot that abuts a roundabout.  He stated the other three corner lots that make up the property surrounding the roundabout are zoned commercial.  According to Polina, the reason appellant purchased the property is as follows:

> And so the logic was to get it rezoned and put an office building to put my company in.  And what had happened, I -- evidently years ago I think a Speedway gas station was trying to get it rezoned to put a gas station.  So the homeowner's association rallied and did everything they could to stop that.
>
> And ever since then, they've had the same taste in their mouth that they want to keep anything commercial off of that corner.  And they think that it's good for a home to be built there.  So that's why it's currently zoned residential and that's why it has not changed.

(Oct. 30, 2013 Tr. at 10.)

{¶ 4}  Polina stated appellant has made no effort to market the property, preferring to hold on to it until the abutting property owners changed their minds about rezoning.  With respect to appellant's estimate of fair market value, Polina testified he compared the auditor's tax valuations for several surrounding residential properties to appellant's undeveloped parcel and calculated a fair market value per square foot for each property.  Polina's counsel explained to the BOR appellant's method of valuation as follows:

> And currently the appraised value of the land, according to the County records, is 491,800.  [B]ased off of the County records of -- of land that's close to it, adjacent to it, that's also zoned residential.
>
> And what we did, we -- we broke down, you know, the value.  We looked at the acreage value. * * * There's nothing on this,

it's undeveloped, there's no house on this land. And what we looked at was what is compare -- what are the comparable land costs of other properties in that area.

And what we see is the subject property is currently valued at, according to the Auditor's records, at $6.82 per square foot, while the surrounding land that -- that are -- that's residential is valued anywhere from $1.09 to a high of 1.81, which is actually a church property, per square foot.

So we feel that there's significant overvaluation right now by the County.

(Oct. 30, 2013 Tr. at 4-5.)

{¶ 5} Over the school board's objection, appellant submitted the auditor's public record showing the tax valuation of each of the properties surrounding appellant's parcel and the square footage of each of those parcels. Appellant also submitted a chart comparing the value per square foot for these six properties to the assessed value of his property per square foot. Counsel for the school board cross-examined Polina, but the school board did not present any other evidence at the hearing.

{¶ 6} The BOR announced its decision to deny appellant's request for a reduction in value at a meeting held on November 1, 2013. Member Kimbol Stroud explained BOR's decision to deny appellant's request as follows:

[W]e were presented testimony from the -- the owner of the property regarding some of the physical attributes of the property as well as zoning issues.

We were also presented a number of tax comparables which we are rejecting as evidence of value due to WJJK Investments versus Licking County BOR, Ohio -- Ohio Supreme Court. We were not presented an appraisal report so we really, unfortunately, you know -- we didn't have a -- a -- the sale of the property we do not consider arm's length because it was a -- a court-ordered sale, so we really have no competent probative evidence of value on which to base the requested reduction in value.

(Nov. 1, 2013 Tr. at 13-14.)

{¶ 7} The BOR issued a written decision memorializing its determination on November 8, 2013. Appellant elected to appeal the BOR's decision to the Franklin County

Court of Common Pleas under R.C. 5717.05. The trial court heard the appeal on the BOR's record and the arguments of counsel. On April 25, 2017, the trial court issued a decision adopting the auditor's valuation of appellant's property for the tax years 2010, 2011, and 2012.

{¶ 8} Appellant timely appealed to this court from the decision of the trial court.

## II.  ASSIGNMENT OF ERROR

{¶ 9} Appellant asserts a single assignment of error as follows:

> The Trial Court acted unreasonably and unconscionably and therefore abused its discretion by affirming the November 8, 2013 Decision of the Franklin County Board of Revision.

## III.  STANDARD OF REVIEW

{¶ 10} This court, in *Kaiser v. Franklin Cty. Aud. & Franklin Cty. Bd. of Revision*, 10th Dist. No. 10AP-909, 2012-Ohio-820, set out our standard of review in R.C. 5717.05 appeals as follows:

> A party may appeal a decision of a county board of revision to the court of common pleas under R.C. 5717.05 as an alternative to an appeal to the Ohio Board of Tax Appeal pursuant to R.C. 5717.01. An appeal under R.C. 5717.05, while requiring more than a mere review of the decision of the board of revision by the court of common pleas, is properly limited to a comprehensive consideration of the existing evidence and, at the court's discretion, to an examination of additional evidence. R.C. 5717.05; *Black v. Bd. of Revision of Cuyahoga Cty.*, 16 Ohio St.3d 11, 14, 16 Ohio B. 363, 475 N.E.2d 1264 (1985). The court of common pleas should consider the evidence heard by the board of revision, any additional evidence heard at the court's discretion, and apply its independent judgment to determine the taxable value of the subject property. *Id.* R.C. 5717.05 thus does not mandate a trial de novo. *Selig v. Bd. of Revision*, Mahoning Cty., 12 Ohio App.2d 157, 165, 231 N.E.2d 479 (7th Dist.1967). Upon further appeal to this court, our review is limited to a determination of whether the court of common pleas abused its discretion in determining the matter. We will accordingly not reverse the court of common pleas' judgment unless it is unreasonable, arbitrary or unconscionable. *Tall Pines Holdings, Ltd. v. Testa*, 10 Dist. No 04AP-372, 2005-Ohio-2963, ¶ 19.

*Id.* at ¶ 9. *See also CABOT III-OH1M02, LLC v. Franklin Cty. Bd. of Revision*, 10th Dist. No. 13AP-232, 2013-Ohio-5301.

## IV. LEGAL ANALYSIS

{¶ 11} When a taxpayer challenges the auditor's valuation of property before the BOR, the taxpayer has the burden to prove entitlement to a reduction in value. *Piepho v. Franklin Cty. Bd. of Revision*, 10th Dist. No. 13AP-818, 2014-Ohio-2908, ¶ 6, citing *CABOT III-OH1M02* at ¶ 27, citing *Dayton-Montgomery Cty. Port Auth. v. Montgomery Cty. Bd. of Revision*, 113 Ohio St.3d 281, 2007-Ohio-1948, ¶ 15. "When a party appeals a board of revision's decision, the appellant, whether a taxpayer or a board of education, bears the burden of proving its right to a reduction or increase in the board of revision's determination of value." *CABOT III-OH1M02* at ¶ 26, citing *Bd. of Edn. of the Dublin City Schools v. Franklin Cty. Bd. of Revision*, 139 Ohio St.3d 193, 2013-Ohio-4543, ¶ 15, citing *Columbus City School Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 90 Ohio St.3d 564, 566 (2001). "To prevail on appeal, the appellant must present competent and probative evidence supporting the value the appellant asserts." *CABOT III-OH1M02* at ¶ 26, citing *Dublin City Schools* at ¶ 15. *See also WJJK Invests., Inc. v. Licking Cty. Bd. of Revision*, 76 Ohio St.3d 29, 31 (1996).

{¶ 12} "Because 'the board of revision (or auditor) bears no burden to offer proof of the accuracy of the appraisal on which the county initially relies [the common pleas court] is justified in retaining the county's valuation of the property when an appellant fails to sustain its burden of proof.' " *Kaiser* at ¶ 20, quoting *Colonial Village Ltd. v. Washington Cty. Bd. of Revision*, 123 Ohio St.3d 268, 2009-Ohio-4975, ¶ 23. "As a result, the taxpayer's failure to sustain a burden of persuasion will justify approving the board of revision's valuation of the property even where no evidence is adduced in support of the validity of the auditor's valuation." *Kaiser* at ¶ 20, citing *Simmons v. Cuyahoga Cty. Bd. of Revision*, 81 Ohio St.3d 47, 48 (1998).

{¶ 13} Pursuant to Article XII, Section 2 of the Ohio Constitution, "[l]and and improvements thereon shall be taxed by a uniform rule according to value." "The Ohio legislature and Supreme Court have construed 'value' to mean 'true value.' " *Sears Roebuck & Co. v. Franklin Cty. Bd. of Revision*, 10th Dist. No. 90AP-472 (Dec. 20, 1990). Accordingly, "[c]ounty auditors are charged with assessing the 'true value' of real property."

*Dublin City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 139 Ohio St.3d 212, 2014-Ohio-1940, ¶ 25, citing R.C. 5713.01(B).  Ohio Adm.Code 5703-25-05(A)(1) defines "true value" as "[t]he fair market value or current market value of property and is the price at which property should change hands on the open market between a willing buyer and a willing seller, neither being under any compulsion to buy or to sell and both having a knowledge of all the relevant facts."

{¶ 14} Ohio Adm.Code 5703-25-11(C) states that "[l]and may be valued by four principal methods [but that] [t]he preferred method is the market data or comparative process requiring the collection and analysis of actual arms-length sales and other market information on comparable sites made within a reasonable time of the date of the appraisal with adjustments for variations.  This method should be used except in unusual circumstances."[1]  In addition to the methods of valuation authorized by the Ohio Revised Code and Ohio Administrative Code, case law has adopted the owner-opinion rule as an accepted method of valuing real property.  In *Worthington City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 140 Ohio St.3d 248, 2014-Ohio-3620, the Supreme Court of Ohio addressed the application of the "owner-opinion" rule in proceedings to determine the tax valuation of real property.  The court made the following observations about the rule:

> Ordinarily, testimony as to property value is not competent and admissible unless it is the professional opinion of an expert. *See Tokles & Son, Inc. v. Midwestern Indem. Co.*, 65 Ohio St.3d 621, 605 N.E.2d 936 (1992), paragraph one of the syllabus ("It is a general rule of evidence that before one may testify as to his opinion on the value of property, one must qualify as an expert"). But equally well recognized is the exception allowing an owner "to testify concerning the value of his property without being qualified as an expert, because he is presumed to be familiar with it from having purchased or dealt with it." *Id.*, paragraph two of the syllabus.

---

[1] Other methods set forth in the administrative code include: the allocation method in which the land value is estimated by subtracting the value of the improvements from a known sale price; the land residual method estimates land value by capitalizing the residual income imputable to land as derived from actual or hypothetical new improvements assuming highest and best use; and the development method used in valuing land ready for development by estimating value as fully developed and subtracting the development, administrative, and entrepreneurial costs.  Ohio Adm.Code 5703-25-11(C).

> Indeed, "Ohio law has long recognized that an owner of either real or personal property is, by virtue of such ownership, competent to testify as to the market value of the property." *Smith v. Padgett*, 32 Ohio St.3d 344, 347, 513 N.E.2d 737 (1987). Grounds for this "owner-opinion rule" lie in the assumption that the owner " 'possess[es] sufficient acquaintanceship with [the property] to estimate the value of the property, and [the owner's] estimate is therefore received *although his knowledge on the subject is not such as would qualify him to testify if he were not the owner*.' " (Emphasis added in *Smith*.) *Id.*, quoting 22 Corpus Juris, Evidence, Section 685, at 586-587 (1920). The court has recognized the validity of the owner-opinion rule in the context of valuing realty for tax purposes. *Amsdell v. Cuyahoga Cty. Bd. of Revision*, 69 Ohio St.3d 572, 574, 1994-Ohio-314, 635 N.E.2d 11 (1994); *WJJK Investments, Inc. v. Licking Cty. Bd. of Revision*, 76 Ohio St.3d 29, 32, 1996-Ohio-437, 665 N.E.2d 1111 (1996); *Valigore v. Cuyahoga Cty. Bd. of Revision*, 105 Ohio St.3d 302, 2005-Ohio-1733, 825 N.E.2d 604, ¶ 5. Important in the owner-opinion rule, however, is that the owner qualifies primarily as a fact witness giving information about his or her own property; usually the owner may not testify about comparable properties, because that testimony would be hearsay. *See Raymond v. Raymond*, 10th Dist. Franklin No. 11AP-363, 2011-Ohio-6173, ¶ 19-20.

(Emphasis sic.) *Id.* at ¶ 18-19.

{¶ 15} With regard to appellant's evidence, counsel for the school board objected to appellant's method of determining fair market value arguing that "tax comparables are not probative evidence of the subject property's fair market value." (Oct. 30, 2013 Tr. at 6.) The BOR rejected appellant's contention that comparing the auditor's assessed values of surrounding properties to the auditor's valuation of appellant's parcel yielded probative evidence of fair market value. The BOR cited the Supreme Court's decision in *WJJK Invests.* as authority for its ruling.

{¶ 16} In *WJJK Invests.*, the taxpayer challenged a decision of the Board of Tax Appeals ("BTA"), which affirmed the valuation assessed by the county auditor on its 24.43-acre mobile home park. The only witness for the taxpayer at the BTA hearing was the president of the closely held corporation that owned the park, who presented evidence that other mobile home parks were assessed at lower values. The Supreme Court held the

taxpayer failed to show the BTA abused its discretion in assessing the property's true value. In rejecting the taxpayer's claim that the auditor valued its property in an entirely different manner than the comparable properties, the court stated "[a] review of the auditor's property record cards shows that the same assessment ratio was used for all the properties. Merely showing that two parcels of property have different values without more does not establish that the tax authorities valued the properties in a different manner." *Id.* at 31.

{¶ 17} Similarly, in *Piepho*, the taxpayer filed a complaint with the BOR seeking a reduction in the assessed value of her condominium from $72,500 to $34,473. The BOR voted to reduce the true value of appellant's property to $58,000 for tax years 2010, 2011, and 2012. Appellant filed an appeal with the BTA. The BTA found appellant did not provide competent and probative evidence to support her opinion of value, and there was insufficient evidence to support the BOR's reduction in value. Accordingly, the BTA reinstated the county auditor's value.

{¶ 18} On appeal to this court, appellant argued the BTA erred when it rejected her evidence comparing the auditor's valuation of her condominium to the auditor's valuation of condominiums in neighboring complexes. This court found "the BTA correctly rejected appellant's argument that the county auditor unfairly assessed her property based on her evidence regarding valuation of neighboring properties." *Id.* at ¶ 16. In adopting the auditor's original valuation of the property, this court explained that because the record contained no evidence as to how the county auditor actually determined the value of the taxpayer's property or the value of the comparable properties provided by the taxpayer, the taxpayer's evidence did not support her claim that the county auditor unfairly assessed her property. *Id.* The *Piepho* court cited *WJJK Invests.* stating "the fact that two parcels have different values, without more, does not prove the tax authorities valued the properties in a different manner." *Piepho* at ¶ 16.

{¶ 19} Here, appellant's chart and Polina's testimony simply compared the auditor's valuation of six surrounding properties, on a per square-foot basis, with the auditor's valuation of appellant's parcel. Though Polina explained the owners built homes on five of the six comparable properties and appellant's property is vacant, Polina did not provide details regarding the physical description and characteristics of the comparable parcels other than to point out appellant's parcel was located on the roundabout and the other

properties were not.[2]  Nor did appellant provide the BOR with any information regarding the auditor's method of valuation for the properties in question.  Appellant did not present the BOR with an appraisal of appellant's property or any recent sales data for comparable parcels in the area.  On this record, appellant's evidence is insufficient to establish the requested reduction in the auditor's value.  *Piepho*; *WJJK Invests.*

{¶ 20} Appellant relies on a case from the Eleventh District Court of Appeals in support of its contention that comparable tax values can be used to support a reduction in the auditor's valuation.  In *Kister v. Ashtabula Cty. Bd. of Revision*, 11th Dist. No. 2007-A-0050, 2007-Ohio-6943, the owner of three parcels of vacant land sought review of the BOR's valuation in the BTA.  At the BTA hearing, the owner offered comparative sales and tax valuations on two nearby properties to support his position.  The BOR offered no evidence in rebuttal.  The BTA did not give any weight to the owner's evidence of value and affirmed the BOR valuation.  In reversing the BTA, the court noted that due to his ownership of the property, the owner was competent to present his opinion of value, and he provided a detailed explanation to support his valuation position.

{¶ 21} Appellant argues that *Kister* requires us to reverse the trial court in this case. The school board contends that *Kister* is distinguishable on its facts.  We agree with the school board.

{¶ 22} In *Kister*, the owner presented the BTA with comparative sales and tax valuations on two nearby properties, along with a detailed explanation to support his valuation, including testimony regarding the zoning requirements of the lots, his personal experience in purchasing another corner lot in the area, and the specific issues affecting property values in the area.  On appeal, the *Kister* court acknowledged the Supreme Court's holding in *WJJK Invests.* that " ' "[m]erely showing that two parcels of property have different values (or in this case roughly the same values) without more does not establish that the tax authorities valued the properties in a different (same) manner." ' "  *Kister* at ¶ 30, quoting *Sherman v. Bd. of Tax Appeals*, 8th Dist. No. 75971 (Mar. 9, 2000), quoting *WJJK Invests.* at ¶ 31.  In distinguishing *WJJK Invests.,* the *Kister* court noted the owner

---

[2] One of the comparable properties is listed on the auditor's property record as "Exempt * * * Churches, Public Worship."  (Ex. filed Feb. 12, 2014.)

"clearly used more than just the auditor's records to establish values." *Id.* at ¶ 31. The Eleventh District Court of Appeals in *Kister* also concluded the credentials of the owner qualified him as an expert in real estate appraisal, even though the owner was not a licensed appraiser. The owner in *Kister* testified that "as a real estate developer, he is qualified as an expert in the area of real estate appraisal [because] most of the appraisers in the county call him for values; he manages two hundred tenants; he is more qualified than most appraisers; and he has been buying and developing land since 1963." *Id.* at ¶ 27.

{¶ 23} Here, appellant supported its opinion of value with a comparison of the auditor's valuation of adjacent properties only, with no supporting sales data. Appellant did not attempt to qualify Polina as an expert in property value and has not argued that Polina so qualifies. Thus, even if we were to agree that a comparison of the auditor's valuation of surrounding properties is probative of the fair market value of a particular parcel when combined with other relevant evidence of value, including recent sales data and the owner's expert opinion regarding fair market value, appellant presented no such additional evidence in this case. Thus, the facts in *Kister* are materially different from the facts in this case. *Kister* does not, therefore, support appellant's contention the trial court abused its discretion in determining the taxable value of the subject property.

{¶ 24} Moreover, to the extent appellant argues that Polina's testimony constitutes competent and probative evidence of value under the owner-opinion rule, we note Polina's testimony regarding the value of appellant's parcel was vague and inconsistent. When a BOR member asked Polina why appellant did not have the property appraised, he responded that "[w]hen we bought it for $250,000, we figured that was fair market value." (Oct. 30, 2013 Tr. at 10.) Polina also testified "[t]here's been resistance from the Post Road Civic Association to rezone it as a commercial lot, which really makes the property worthless other than putting a house there." (Oct. 30, 2013 Tr. at 7.) He later opined "if * * * it did get rezoned commercial, then you might have a valid argument as far as the pricing of it. But as of right now, a -- a one-acre residential lot, that's a pretty high valuation, I believe." (Oct. 30, 2013 Tr. at 11.) As noted above, appellant advocated a reduction in

value to $101,004.65 for the 2010 tax year based on appellant's comparison of the auditor's tax values for surrounding properties.[3]

{¶ 25} R.C. 5713.04 specifically states "[t]he price for which * * * real property would sell at auction or forced sale shall not be taken as the criterion of its value." The Supreme Court has held, pursuant to R.C. 5713.04, a forced sale of real property, such as a sheriff's sale, is not probative evidence of true value. *Olentangy Local Schools Bd. of Edn. v. Delaware Cty. Bd. of Revision*, 141 Ohio St.3d 243, 2014-Ohio-4723, ¶ 33, citing *Dublin Senior Community, L.P. v. Franklin Cty. Bd. of Revision*, 80 Ohio St.3d 455 (1997). Accordingly, the price appellant paid for the property in 2011 is not probative of the current fair market value of the property. Polina acknowledged appellant has not attempted to market the property or construct a residence, preferring to wait for the local community to change their view on zoning.

{¶ 26} This court has recognized under the owner-opinion rule, an owner who is sufficiently acquainted with the property is competent to express an opinion of fair market value. Polina's testimony at the BOR proceeding, however, is too indefinite and uncertain to qualify as an owner opinion of current fair market value. *See, e.g., Olentangy Local Schools Bd. of Edn. v. Delaware Cty. Bd. of Revision*, ___ Ohio St.3d ___, 2017-Ohio-8843, ¶ 19 (owner-opinion rule did not apply where owner "did not expressly state a personal opinion of value and spoke only generally about his perceptions of prevailing office-market conditions"); *Brecksville-Broadview Hts. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, 8th Dist. No. 103015, 2016-Ohio-3166, ¶ 29 (co-owner's testimony as to the maximum amount his company would bid on the property at auction does not qualify as an owner opinion of value). "To prevail on appeal, the appellant must present competent and probative evidence supporting the value the appellant asserts." *CABOT III-OH1M02* at ¶ 26, citing *Dublin City Schools*, 2013-Ohio-4543, at ¶ 15. Because appellant failed to produce competent and probative evidence in support of appellant's request for a reduction in the auditor's value, we find it was neither unreasonable nor unconscionable for the trial court to retain the auditor's value for appellant's property. Accordingly, we hold the trial

---

[3] Though appellant's complaint alleges that "[i]n the past three years, properties in that area have decreased in value over 40%," appellant did not present evidence at the BOR hearing in support of that allegation. (Mar. 31, 2011 Compl. Against the Valuation of Real Property at 1.)

court did not abuse its discretion when it determined the taxable value of appellant's property.  Appellant's assignment of error is overruled.

## V. CONCLUSION

{¶ 27} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

LUPER SCHUSTER and HORTON, JJ., concur.

_____